## CROSS VS. HALDEMAN.

Under the statute, title Practice at Law, sec. 6, which should be construed in connection with ch. 17, where a suit by attachment is instituted in one county, a separate writ may be issued to another county, and the credits and choses in action of the defendant attached, as well as his visible, tangible property.

A garnishee, answering and admitting his indebtedness, as the maker of negotiable paper, without reserve or qualification, does so at his peril. If notified at any time before final judgment that his note had been assigned before the service of the writ upon him, he is bound to apply for leave to interpose the defence.

*Error to Lawrence Circuit Court.*

Before Hon. B. H. NEELY, Circuit Judge.

FAIRCHILD, for the plaintiff. The Circuit Court had no right to issue a writ of attachment beyond its own county, and the defendant violated the rights of Moses Brown & Co., and their derivative holders of the note sued on, by appearing to the suit and acknowledging the indebtedness.

WM. BYERS, for defendant.

Mr. Chief Justice WATKINS delivered the opinion of the Court.

For the determination of the questions, argued on this writ of error, the case, as it appears upon the record, may be thus stated: The plaintiff, Cross, on the 4th of October, 1850, instituted suit against the defendant, Haldeman, in an action of debt, upon a note executed by him to Moses Brown & Co., or order, dated at New Orleans, on the 26th of March, 1846, and due six months after date, and by them assigned to the plaintiff, without recourse, the assignment being without date. The defendant pleaded, in substance, that on the 7th day of December, 1846, one William

Byers, being a creditor of Moses Brown & Co., instituted his action of debt by attachment, in the Independence Circuit Court, against the persons composing that firm, as non-resident debtors, in which suit he caused a separate writ of attachment to be issued to the county of Lawrence; which the sheriff of that county executed, on the 10th of December, 1846, by attaching the indebtedness of this defendant to Moses Brown & Co., and also summoning him as garnishnee of Moses Brown & Co., to appear at the return term of the Independence Circuit Court, and answer what might be objected against him in that suit. That at the time of the service of the writ of attachment upon him, he, this defendant, was indebted to Moses Brown & Co., the defendants in the attachment suit, in a certain sum, being the amount due upon the promissory note mentioned in the declaration of the plaintiff in this behalf. That he, this defendant, afterwards appeared before the Independence Circuit Court, and, for answer to interrogatories there exhibited against him by the plaintiff in attachment, admitted such indebtedness; and such further proceedings were had in that suit, the plaintiff, having established and recovered judgment for the amount of his demand against the absent defendants, Moses Brown & Co., by the consideration and judgment of that Court, on the 25th day of November, 1847, recovered against this defendant, as garnishee, the amount of his indebtedness to them so admitted to be due; and it was then and there further adjudged that this defendant, as such garnishee, should be, and was thereby, released from any further liability to said Moses Brown & Co., in respect thereof; that on the 26th day of November, 1847, this defendant paid the amount of such recovery against him to Byers, the plaintiff in attachment. And the plea avers that, at the time of the service of the writ upon this defendant, as garnishee, and said debt attached in his hands, on the 10th day of December, 1846, the promissory note in the plaintiff's declaration mentioned, was the property of, and owned by, Moses Brown & Co., to whom it was made payable.

The plaintiff rested upon his demurrer overruled to this plea,

26BB

the sufficiency of which was questioned upon two grounds: 1st. The want of jurisdiction in the Independence Circuit Court; 2d. That the defendant appeared there in his own wrong, and by confessing his indebtedness, wantonly jeopardized the rights of his creditors, Moses Brown & Co., and of any derivative holder of his negotiable paper by endorsement from them. The statute (*Digest, Title Practice at Law, sec.* 6) provides that "where a defendant in a suit, instituted by attachment, has property in several counties, separate writs of attachment may be issued to each county." There can be no doubt of the power of the General Assembly to enact such a law, and the only question is, whether the word property there used, includes credits or effects, which are *choses in action,* or is to be confined to visible tangible property, whether real or personal, susceptible of being entered upon, or seized into his possession, by the officer. It is obvious, from the context and import of the clause above quoted, that it deals in general terms, and should be construed in connection with the statute concerning attachments, (*Dig.,* ch. 17,) by which the mode of proceeding is regulated in detail. That statute (*sec.* 6) contemplates that the defendant is to be attached "by all and singular his goods and chattels, lands, tenements, credits and effects." *Sec.* 8 points out the manner of levying the attachment; which, in respect of credits, is, by the officer going to the person who is supposed to be indebted to the defendant, and then and there, in the presence of two or more citizens of the county, declaring that he attaches the same. *Sec.* 38 authorizes an interpleader by any adverse claimant, other than the defendant, of "the property, credits, or effects, levied on, by virtue of any writ of attachment." Writs of garnishment upon judgments are not allowed to be run out of the county, in which the judgment is rendered, because the statute no where expressly authorizes it; and the Court would not be inclined to extend by implication a practice fraught with inconvenience to debtors, and so liable to abuse; more especially as the judgment plaintiff has a safer and better remedy by creditor's bill. If it be argued that the plain-

tiff in attachment, sending out his separate writs without control or limit, can at pleasure draw to one forum and from distant counties, a variety of vexatious litigations, and against garnishees who are not joint debtors, or in any way connected by a common interest, the only answer is, that, according to our best judgment in the matter, the statute seems to authorize it. It is to be observed that the plea here also alleges a substantive levy of effects under the writ directed to the sheriff of Independence, by means of which the Circuit Court of that county could acquire a jurisdiction of the proceeding *in rem* against the property there situate.

We may concede that, when the garnishee appeared in the Independence Circuit Court, and answered, admitting his indebtedness to Moses Brown & Co., without reserve or qualification, he did so at his peril. If notified, at any time before final judgment against him, that his outstanding note had been in fact assigned before the service of the writ upon him, he was bound to apply for leave to interpose the defence, and should have been allowed an opportunity of proving it. Cases may be supposed where a garnishee, forced into a hazardous position between cross fires, ought to be permitted, for his own protection, to acquit himself of further liability by paying the money into Court, upon his bill in chancery, which would bring all adverse parties interested before the Court in order to assert their claims to it. But here the plea contains a distinct traversable averment, that at the time of the service of the writ upon the garnishee, the note in question was the property of Moses Brown & Co., the defendants in attachment, and the admission of this averment by the demurrer, concludes the rights of the plaintiff now claiming to be the owner of the note by title subsequently derived from them. Affirmed.