HAYDEN *v.* GARDNER.

5-3291                                     381 S. W. 2d 752

Opinion delivered September 14, 1964.

*Terrall, Rawlings & Matthews,* for appellant.

No brief filed for appellee.

PAUL WARD, Associate Justice. The question for decision on this appeal relates to the garnishment of a joint bank account. The pertinent facts, undisputed, are summarized below.

*Facts.* Appellant, Dallas W. Hayden, recovered a judgment in the amount of $327.14 against appellee, John A. Gardner. After the time for appeal expired Hayden

caused to be issued a Writ of Garnishment against the Bank of Crossett in which Mr. and Mrs. Gardner had a joint savings account in the amount of $1,455.81 (subject to a pledge to pay a note to said bank in the amount of $463.50). In addition to the admitted facts above set out the vice-president of the bank testified that he was familiar with the account of Mr. and Mrs. John A. Gardner, that both had the right of withdrawal and that he did not know who made the deposits. (A ledger sheet introduced in evidence showed numerous deposits and withdrawals dating back to 1957.)

*Findings and Order of the Trial Court.* Based on the factual situation above set out, the trial court·held:

"Where there is a joint account and such fact is shown, the Court must assume that the funds belong equally to each of the depositors until the contrary appears. No proof appearing to the contrary, the Court must indulge that assumption here.

"The Court finds that from .the proof before this Court, the funds garnished were from a joint bank account owned equally by the defendant and his wife; that his wife's property is not subject to garnishment for payment of a judgment against the husband in tort.

"IT IS THEREFORE CONSIDERED AND ORDERED, the Motion of the defendant is sustained, the garnishment quashed, garnishee discharged and the Clerk ordered to pay the funds held in the registry of the Court to the defendant and his wife jointly, and costs are adjudged against plaintiff."

From the above action of the trial court appellant now prosecutes this appeal, seeking a reversal.

After careful consideration we have concluded that, for the reasons hereafter set forth, the order of the trial court must be reversed and the cause remanded for further action.

*General Statement.* Even a casual research of the authorities reveals that the law relative to the garnishment of joint bank accounts is far from settled or uniform. We know of no better way to emphasize this fact than to refer to an article published in 26 U. Chi. L. Rev., Spring of 1959, pp. 376-404, and particularly to the caption given the article as carried in C.C.H. 1959-60 Legal Periodical Digest paragraph 1029. The caption is: "Five More Years of the Joint Bank Account Muddle". Equally revealing is a case note, Garnishment, Vol. 71 Harvard Law Review 557 (1957-58). [*Leaf v. McGowan*, 13 Ill. App. 2d 58, 141 N.E. 2d 67 (1957)] where we find this statement:

> "Joint accounts are peculiarly difficult to categorize in common-law terminology. Although they contain a survivorship feature, making them analogous to a joint tenancy, this analogy is weakened by the 'joint and several' ownership feature—the right of each depositor, as against the bank, to withdraw all the funds. It is not surprising, therefore, that the problem of the extent to which joint accounts are garnishable for the debts of one depositor has given rise to a wide variety of solutions."

This note then points out that at one extreme some authorities hold a joint account is immune from garnishment, while, at the other extreme it has been "held that the entire account is subject to garnishment on the theory that the creditor is 'subrogated' to the power exercisable by the debtor-depositor to withdraw all the money". The note then sets out a third view—"that the joint account should be garnishable only in proportion to the debtor's ownership of the funds, as to which parol evidence is admissible to show the respective contributions of each depositor, as well as any intent of one to make a gift to the other".

Without attempting to evaluate the merits of the above mentioned theories or views, we conclude that the last mentioned one is the most reasonable, and it is the one which we now adopt. In fact we find confirmation

for this adopted view in the case of *Park* v. *McClemens, EX'r,* 231 Ark. 983, 334 S. W. 2d 709 where we held testimony could be introduced to show the true nature of a joint account. This was reaffirmed in the case of *Ratliff* v. *Ratliff, Adm'x,* 237 Ark. 191, 372 S. W. 2d 216.

In an attempt to clarify and simplify to some extent the law and procedure with reference to the garnishment of joint bank accounts, we proceed to apply the adopted theory to the facts in the case under consideration, and also to the order of the trial court above set forth.

*One.* It goes without argument that Mrs. Gardner has (or might have) some interest in the money in the joint account. Therefore she should have been made a party to the garnishment proceedings against the bank. This can be done upon remand.

*Two.* The trial court held, in the absence of proof to the contrary, that presumably Mr. and Mrs. Gardner owned the funds in equal amounts, and ordered the funds to be paid over to them. The effect of the trial court's order was that Hayden could not garnishee Mr. Gardner's one-half of the funds. It is our view that under the facts in this case the court should have held all of the joint bank account was prima facie subject to garnishment, and that the burden was on each joint depositor to show what portion of the funds he or she actually owned. We believe this is the fair and reasonable rule because the depositors are in a much better position than the judgment creditor to know the pertinent facts.

*Three.* Even though the trial court found Mr. Gardner owned one-half of the funds it also held appellant could not maintain a Writ of Garnishment against the bank for that amount. Under the view we have adopted that was error.

On remand, any funds adjudged to belong to Mr. Gardner will be subject to garnishment.

The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.