PINE BLUFF NATIONAL BANK *v.* FIRST
FEDERAL SAVINGS & LOAN ASS'N OF
PINE BLUFF AND BILLY E. PARKER

5-5566                                            466 S. W. 2d 249

Opinion delivered May 3, 1971

*John Harris Jones,* for appellant.

*Coleman, Gantt, Ramsay & Cox,* for appellees.

FRANK HOLT, Justice. This is an appeal from an order setting aside a judgment during term time.

Pine Bluff National Bank, appellant-garnisher, sued appellee Billy Parker on a debt and secured a writ of

garnishment against appellee-garnishee First Federal Savings & Loan Association of Pine Bluff. The garnishee's answer disclosed that Billy Parker had $11,231.53 on deposit. Subsequently, a consent judgment in favor of the appellant and against Parker was entered December 1, 1969. This consent judgment recited that Parker owed appellant $24,600 for which he had executed three notes payable in installments. The garnishee was furnished a copy of the judgment which ordered it to hold the $11,231.53 (except for interest and dividends) until the further order of the court. The judgment provided that upon 61 days default by Parker in payment of any installment, the court would then enter an order requiring the garnishee to pay over the $11,231.53 to appellant. Billy Parker approved and signed the judgment.

When Parker defaulted, the court rendered a judgment on April 17, 1970, ordering the garnishee to pay the impounded funds to appellant. On July 2, 1970, the garnishee filed a motion to set aside this judgment, alleging that its original answer mistakenly stated that Parker had $11,231.53 on deposit when in fact, the deposit was a joint account in the name of Frank or Billy Parker; that the mistake was discovered after the April judgment against the garnishee; that the judgment should be set aside and the garnishee be permitted to file an amended answer stating that the joint account existed and making both Parkers parties to the action.

In resisting the motion, the appellant asserted that in negotiating the December consent judgment with Billy Parker it had relied upon the truth of garnishee's answer that Parker had a $11,231.53 deposit with it; that appellant had extended credit to Billy Parker based upon his signed financial statement that he had a $10,000 savings account with the garnishee in July 1967; that the garnishee was served with a copy of the December 1969 consent judgment; that the garnishee acknowledged by letter the receipt of the December order and in the letter stated that it would comply with the terms of the order; that Frank Parker had knowledge that the joint account was impounded by the court's order and he had not intervened in the action.

On September 18, 1970, during term time, the trial court, finding that sufficient cause was shown, set aside the judgment entered on April 17, 1970. From that order, which also granted appellee-garnishee leave to file an amended answer, appellant-garnisher appeals. Appellant contends that the trial court erred in failing to show good cause or reasonable diligence to justify setting aside the judgment. We find no merit in this contention. Our long-established rule recognizes the inherent right of a court of record to set aside its judgment during term time, without assigning a cause. *Hill* v. *Wilson*, 216 Ark. 179, 224 S. W. 2d 797 (1949); *Stinson* v. *Stinson*, 203 Ark. 888, 159 S. W. 2d 446 (1942); *Browning* v. *Berg*, 196 Ark. 595, 118 S. W. 2d 1017 (1938); *Union Sawmill Co.* v. *Langley*, 188 Ark. 316, 66 S. W. 2d 300 (1933); *Ashley* v. *Hyde*, 6 Ark. 92 (1845).

Nor can we agree with appellant that *Robbins* v. *Guy*, 244 Ark. 590, 426 S. W. 2d 393 (1968) supports its contention. In *Robbins* we were concerned not only with the policy of allowing the trial judge to set aside a judgment rendered during term time but also with the public policy of enforcing the stability of a judicial sale. In that situation we said the court did not possess unlimited discretion. No similar situation exists in the case at bar. In *Hill* v. *Wilson, supra,* we recognized that: "We have repeatedly held that, during the term of court at which a judgment is rendered, the court has the inherent power to set aside the judgment, and it may do so without stating any cause." This well-established recognition of the inherent power of our courts is applicable in the case at bar. This is in accord with the general rule that during term time a judgment is "within the breast of the court" and the judgment can be set aside during that term. *Hawkeye Tire & Rubber Co.* v. *McFarlin*, 146 Ark. 491, 225 S. W. 632 (1920); 8 ALR 3d § 4, p. 1291.

Appellant-garnisher also submits that the consent judgment created contractual duties between it and the appellee-garnishee which could not be dissolved by the motion to set aside the judgment; thus, the setting aside of the judgment against the appellee-garnishee was

error. Appellant argues that the December consent judgment, which Billy Parker approved and signed, operated as an assignment or pledge of the Parker savings account, which judgment garnishee accepted. Appellant asserts that Billy Parker, by the terms of the signature card, had the right to "first act" and by doing so had released the garnishee loan company of a depositor's claim. Thereupon, the garnishee owed duties to the appellant independent of the writ of garnishment. We do not reach the merits of this contention as to contractual rights because in our view the order setting aside the judgment was not a final or an appealable order within the meaning of Ark. Stat. Ann. § 27-2101 (Supp. 1969). The order merely permitted appellee-garnishee leave to amend its answer. It did not release the funds. The garnishee was ordered, as in the December consent judgment against Billy Parker, to hold the funds pending further proceedings. The trial court's order setting aside the judgment was based upon the pleadings and one exhibit (depositor's card). It did not purport to determine the rights of the parties in respect to the impounded funds. See *Hawkeye Tire & Rubber Co.* v. *McFarlin, supra.* As we said in *McPherson* v. *Consolidated Cas. Co.,* 105 Ark. 324, 151 S. W. 283 (1912): "Cases cannot be tried by piecemeal, and one cannot delay the final adjudication of a cause by appealing from the separate orders of the court as the cause progresses. When a final order or judgment has been entered in the court below determining the relative rights and liabilities of the respective parties, an appeal may then be taken, but not before." See, also, 8 ALR 3d § 3, p. 1287 and *Hicks* v. *Light,* 229 Ark. 306, 314 S. W. 2d 479 (1958). Appellant's assertion that contractual rights resulted from the December and April judgments pertains to the rights and liabilities of the parties and should be adjudicated at a trial on the merits.

Being prematurely taken, the appeal is dismissed.

HARRIS, C. J., not participating.