## PINE BLUFF NATIONAL BANK v.
### BILLY E. PARKER ET AL

5-6160                                     490 S.W. 2d 457

Opinion delivered February 12, 1973
[Rehearing denied March 12, 1973.]

*Jones, Matthews & Tolson,* for appellant.

*Wilton E. Steed* and *Coleman Gantt, Ramsay & Cox,* for appellees.

LYLE BROWN, Justice. The appellant (plaintiff below) is the Pine Bluff National Bank. The appellees are First Federal Savings and Loan Association of Pine Bluff (garnishee below) and Frank Parker (intervenor below). Pine Bluff National sued Billy E. Parker and obtained a writ of garnishment against First Federal Savings. The garnishee answered that Billy Parker had on deposit $11,231. Pine Bluff National and Billy Parker agreed to a consent judgment whereby Parker paid a lump sum on a substantial debt and executed three installment notes. The judgment recited that First Federal, the garnishee, would hold the savings account for sixty-one days and if by that time Billy Parker was in default on his installment notes, the court would enter an order to First Federal Savings to pay over the $11,231 to Pine Bluff National.

Such a default occurred and on April 17, 1970, judgment was entered finding Billy Parker in default and ordering First Federal Savings to pay the $11,231 to Pine Bluff National. In reliance on the judgment and garnishment the bank released certain automobiles to Billy Parker from its security.

On July 2, 1970, First Federal filed a motion to set aside the judgment against it as garnishee, alleging that it was in error in answering that Billy Parker had $11,231 on deposit; that the deposit was a joint account in the names of Frank Parker or Billy Parker; that the mistake had not been discovered until after the entry of judgment against First Federal; and it prayed that it be permitted to file an amended answer setting forth the true facts. The trial court entered an order setting aside the judgment against the garnishee and permitting it to file an amended answer. From that order Pine Bluff National appealed to this court. *Pine Bluff National Bank* v. *First Federal Savings & Loan Ass'n.*, 250 Ark. 600, 466 S.W. 2d 249 (1971). There we held that since granting of the judgment and the setting aside thereof were done in the same term, there was no merit in the challenge to the court's right to set the judgment aside. We refused to pass on the bank's claim of title to the funds because that issue had not yet been resolved by the trial court.

Upon remand to the trial court, Frank Parker filed an intervention claiming to be the sole owner of the funds. Based on the pleadings and the testimony the court, sitting as a jury, adjudged that (1) when the judgment against the garnishee First Federal was set aside it placed all parties in the same position with respect to their legal rights that they had prior to the original answer of the garnishee; (2) a joint account is garnishable only to the extent of the ownership of the debtor; and (3) the savings account was owned by intervenor, Frank Parker, and should be released to him.

The bank does not appeal from the court's findings as to the respective rights between Frank Parker and First Federal Savings. The court committed no error in permitting Frank Parker to intervene because the court had that right by virtue of our holding in the first appeal. Furthermore, Frank Parker had a right to establish his actual ownership of the account because that was a

garnishment proceeding. *Hayden* v. *Gardner,* 238 Ark. 351, 381 S.W. 2d 752 (1964). Pine Bluff National contends that the court erred in refusing to grant it a judgment against First Federal because, acting in reliance on the first judgment, the bank released certain automobiles which Billy Parker had pledged as security for the original debt. That contention is meritorious.

The evidence is undisputed that the garnishee, First Federal, upon receipt of the first court judgment, accepted its responsibilities thereunder. First Federal's attorney advised Pine Bluff National's attorney that its responsibility under the judgment would be observed promptly upon receipt of a finding that Billy Parker was sixty-one days in default. Under Ark. Stat. Ann. § 67-1838 (4) (Repl. 1966) Billy Parker had a prima facie right to make the assignment. First Federal reported the account to be in the name of Billy Parker, accepted the assignment, and caused the bank to act to its detriment (release of the collateral). We hold that in such a situation First Federal is liable to pay to Pine Bluff National a sum equal to the amount of the garnishment. We have held that where a garnishee answers and admits a debt without reservation or qualification, he does so at his peril. *Cross* v. *Haldeman,* 15 Ark. 200 (1854). Also see *Dunnegan* v. *Byers,* 17 Ark. 492 (1856). When one of two innocent parties must suffer, the burden should be borne by the one whose conduct induced the loss. *Lane* v. *Rachel,* 239 Ark. 400, 389 S.W. 2d 621 (1965); *Sims* v. *Petree,* 206 Ark. 1023, 178 S.W. 2d 1016 (1944).

Finally, First Federal contends that the appeal should be dismissed for failure of Pine Bluff National to state the points to be relied upon at the time of designating an abbreviated record. Ark. Stat. Ann. § 27-2127.5 (Repl. 1962). Appellant does not cite any prejudice and we perceive none.

The trial court is directed to enter judgment in favor of Pine Bluff National and against First Federal Savings in the amount of the garnishment together with interest.

Reversed.

HARRIS, C. J., not participating.