## FIRST FEDERAL SAVINGS AND LOAN
### Association of Pine Bluff *v.* PINE BLUFF
## NATIONAL BANK et al

73-142                                      501 S.W. 2d 226

### Opinion delivered November 26, 1973

*Coleman, Gantt, Ramsay & Cox,* for appellant.

*Jones, Matthews & Tolson,* for appellees.

J. Fred Jones, Justice. This is an appeal by First Federal Savings and Loan Association of Pine Bluff from a trial court order overruling its motion to set aside a judgment rendered against it under a mandate from this court pursuant to an opinion we delivered on February 12, 1973, wherein Pine Bluff National Bank was the appellant, Billy E. Parker was the appellee, and First Federal Savings and Loan Association of Pine Bluff was a garnishee. See *Pine Bluff Nat'l Bank* v. *Parker,* 253 Ark. 966, 490 S.W. 2d 457. The single point relied on by First Federal on this appeal is stated as follows:

> "The trial court erred in failing to reverse its prior judgment in favor of Frank Parker as directed by the opinion and mandate of this court."

According to the record in *Pine Bluff Nat'l Bank* v. *Parker, supra,* Pine Bluff National sued Billy Parker for a debt past due and sued out a writ of garnishment

against First Federal. First Federal, as garnishee, answered on April 4, 1969, that it held funds deposited to the account of Billy Parker in the amount of $13,231. Pine Bluff National and Billy Parker then worked out a compromise agreement whereby Parker paid a lump sum on the debt to Pine Bluff National and a consent judgment was entered for the balance of the debt in the amount of $24,600. Under the agreement, recited in the consent judgment, Billy Parker executed three installment notes for the $24,600 balance, and Pine Bluff National released approximately $20,000 worth of its security interest in certain automobiles which Billy Parker had pledged as security for the original debt. The consent judgment recited that First Federal, the garnishee, would hold the savings account above referred to for a period of 61 days and if by that time Billy Parker was in default on his installment notes, the court would enter an order directing First Federal to pay over the $11,231 to Pine Bluff National. Such default occurred, and on April 17, 1970, judgment was entered by the trial court finding Billy Parker in default, and ordering First Federal to pay the $11,231 to Pine Bluff National.

On July 2, 1970, First Federal filed a motion to set aside the judgment against it as garnishee. It alleged that it had erred in answering that Billy Parker had $11,231 on deposit with it, and alleged that the mistake had not been discovered until the entry of the judgment against it for the $11,231. It alleged that the savings account was actually a joint account in the names of Frank Parker or Billy Parker and it prayed permission to file an amended answer to the original interrogatories. The trial court granted First Federal's motion and entered an order setting aside the judgment against the garnishee and permitting it to file an amended answer. Pine Bluff National appealed to this court from that order and we held that the trial court had a right to set aside its orders in term time and refused to pass upon Pine Bluff National's claim to the funds because that issue had not been resolved by the trial court and we dismissed the appeal. *Pine Bluff Nat'l Bank* v. *First Fed. S & L,* 250 Ark. 600, 466 S.W. 2d 249. First Federal did amend its answer setting out the joint account, and Frank Parker

filed an intervention claiming to be the sole owner of the funds in the joint account. The trial of the case then continued before the court, sitting as a jury, and the trial court rendered judgment with findings and conclusion as follows:

"1. That the Court had authority to set aside the Judgment entered on April 17, 1970 and permit the Garnishee to Amend its Answer, thus placing all parties in the same position 'with regard to their legal rights that they had prior to the filing of the Answer by Garnishee.

2. That a joint account is garnishable only to the extent of ownership of the debtor.

3. The savings account in question is solely owned by Frank Parker and that First Federal Savings & Loan Association of Pine Bluff should be directed to release the savings account to Frank Parker individually. In the event a Supersedeas bond in the sum of $11,231.00 is filed by the plaintiff within thirty (30) days, then said amount is to be held by the garnishee.

IT IS, THEREFORE, by the Court, considered, ordered, adjudged and decreed that the savings account in question be and is hereby found to be owned by Frank Parker and that First Federal Savings & Loan Association of Pine Bluff be and it is hereby ordered and directed to release the savings account to Frank Parker, individually. In the event a Supersedeas bond in the amount of $11,231.00 is filed by the plaintiff within thirty (30) days then said amount is to be held by the garnishee."

Only Pine Bluff National appealed from that judgment and we said:

"The bank does not appeal from the court's findings as to the respective rights between Frank Parker and First Federal Savings. The court committed no error in permitting Frank Parker to intervene because the court had that right by virtue of our holding in the

first appeal. Furthermore, Frank Parker had a right to establish his actual ownership of the account because that was a garnishment proceeding. *Hayden v. Gardner,* 238 Ark. 351, 381 S.W. 2d 752 (1964). Pine Bluff National contends that the court erred in refusing to grant it a judgment against First Federal because, acting in reliance on the first judgment, the bank released certain automobiles which Billy Parker had pledged as security for the original debt. That contention is meritorious."

We conclude it would be a waste of judicial effort to quote further from our opinion of February 12, because we consider the language clear and the conclusion we reached supported by the case law cited. The first sentence in the above quote from our opinion disposed of the issue on appeal pertaining to the *savings account* as such. We found merit in Pine Bluff National's contention as above set out and we reversed and remanded with the following directions:

"The trial court is directed to enter judgment in favor of Pine Bluff National and against First Federal in the amount of the garnishment together with interest."

As pointed out in our original opinion, no appeal was perfected from the trial court's finding that the funds in the hands of First Federal belong to Frank Parker, and the correctness of that holding has never been before us.

First Federal argues on this appeal that the trial court erred in complying with the mandate of this court, in that it only entered judgment against First Federal in favor of Pine Bluff National as specifically directed by this court, but failed to set aside its prior judgment in favor of Frank Parker as was also intended and directed by this court when we employed the word "reversed." First Federal argues that had we intended the judgment in favor of Frank Parker to remain unaffected, we would have so indicated by employing the usual phrase—"affirmed in part and reversed in part." The answer to this

argument is that if the trial court's findings that the funds in the hands of the garnishee actually belong to Frank Parker and its order to pay same over to Frank Parker amounted to a judgment in favor of Frank Parker against First Federal, there was no appeal by First Federal from such judgment. Certainly Pine Bluff National had no interest in Frank Parker's account with First Federal. It simply relied, to its detriment, on the verified answers to interrogatories propounded by it to First Federal as garnishee in a suit it filed against Billy Parker. The trial court correctly complied with the mandate of this court and the judgment is affirmed.

Affirmed.

HARRIS, C.J., not participating.