**UNITED STATES of America, Plaintiff,**

v.

**NATIONAL BANK OF COMMERCE, Defendant.**

**No. PB–C–81–340.**

United States District Court,
E.D. Arkansas,
Pine Bluff Division.

Dec. 16, 1982.

---

1. As noted above, the Court found no evidence of bad faith on the part of the Army with respect to computation of petitioner's entry level rank.

George W. Proctor, U.S. Atty., Little Rock, Ark., Lawrence Sherlock, Attorney, Tax Div., Dept. of Justice, Washington, D.C., for plaintiff.

Stephen A. Matthews, Terry F. Wynne, Pine Bluff, Ark., for defendant.

## MEMORANDUM AND ORDER

EISELE, Chief Judge.

Pending before the Court are the plaintiff's and defendant's cross-motions for summary judgment and the defendant's motion to dismiss. The facts of the case are these. The Secretary of the Treasury has

due and owing from Roy Reeves an unpaid balance of $856.61 in income tax liabilities. On June 13, 1980, in order to collect the sum due, the government filed a notice of levy upon the accounts of Roy Reeves with the defendant, National Bank of Commerce (Bank). At that time the Bank had two separate accounts, one checking and the other savings, both in the names of "Roy Reeves or Ruby Reeves or Neva R. Reeves." The combined balances in both accounts totaled $1,563.26. The government wants the Bank to surrender $856.61 of that amount, but the Bank refuses to do so.

The arguments made by both sides are straightforward. The government concedes that it can levy only upon that portion of the joint funds that belongs to Roy Reeves. Nevertheless, it contends that applicable law imposes a presumption that all funds in such a joint bank account are prima facie the property of the taxpayer and, ergo, subject to levy, and, therefore, absent appearance and proof by each co-depositor of his or her actual ownership interest in the joint funds, the bank must turn over the funds in such accounts to the tax collector. Because there is no evidence in this record that any of the co-depositors other than Roy Reeves have some individual and separate ownership interest in the funds in the accounts, the government concludes that it is entitled to judgment as a matter of law. It further contends that the statutory defenses are inapplicable here and, furthermore, that the Bank cannot raise the ownership-interest defense of the third-party co-depositors because they are not parties to the present suit.

The Bank argues that before it can release any of the joint funds, the government must prove that Roy Reeves is the actual owner of the portion of the funds levied upon. In order to do this, the Bank contends, the government must join the co-depositors in this suit because they are indispensable parties for the resolution of the ownership issue. Since the co-depositors were not so joined, the Bank would have the Court dismiss the case.

The Internal Revenue Code, 26 U.S.C. §§ 6331 and 6332, permits the imposition of a levy in favor of the United States upon all "property and rights to property ... belonging to [the delinquent taxpayer]." Furthermore, section 6332 imposes an obligation on any person in possession of property subject to levy to surrender that property upon notice and demand, subject to certain defenses not relevant here.

■ It is equally clear, however, that property cannot be levied upon and required to be surrendered unless it is actually owned by the taxpayer. *Raffaele v. Granger,* 196 F.2d 620 (3d Cir.1952) (refusing to allow levy upon bank accounts of taxpayer-husband where accounts were held by husband and wife as tenants by the entirety); *United States v. Stock Yards Bank of Louisville,* 231 F.2d 628 (6th Cir. 1956) (holding distraint unavailable where property interests are unclear in the property levied upon). *Stuart v. Willis,* 244 F.2d 925 (9th Cir.1957) (levy against property of joint venturers in order to satisfy tax liability of one venturer was void).

■ While the action for enforcement of the levy is properly within the jurisdiction of this Court, it must look to the law of the State of Arkansas to determine the ownership rights in a joint bank account. *Poe v. Seaborn,* 282 U.S. 101, 51 S.Ct. 58, 75 L.Ed. 239 (1930) (ownership of property for tax purposes is determined by state law). *See also United States v. Mitchell,* 403 U.S. 190, 91 S.Ct. 1763, 29 L.Ed.2d 406 (1971) (upholding the rule as applied to the Internal Revenue Code of 1954).

■ The case on point is *Hayden v. Gardner,* 238 Ark. 351, 381 S.W.2d 752 (1964), in which the Arkansas Supreme Court clarified the rules with respect to the ownership interests in a joint bank account subject to a garnishment proceeding. The rule laid down in that case is as follows:

[T]he joint account should be garnishable only in proportion to the debtor's ownership of the funds, as to which parol evidence is admissible to show the respective contributions of each depositor, as well as

any intent of one to make a gift to the other.
*Hayden,* 238 Ark. at 353, 381 S.W.2d at 753 (quoting from Note, *Garnishment,* 71 Harv. L.Rev. 557, 558 (1958)).

██ The Arkansas Supreme Court then set out the order and allocation of proof for a case where a joint bank account is garnished. First, the joint account is prima facie subject to garnishment, and the burden is on each joint depositor to show what portion of the funds in the account he or she owns. Second, if not already joined, each joint depositor should be made party to the suit to afford him or her an opportunity to present evidence of ownership in the account. Third, the garnishment will then be allowed to the extent of the portion of the joint account that is owned by the debtor. *Id.* at 354, 383 S.W.2d at 754.

Other courts are in agreement that the government can levy against a joint bank account only to the extent of the delinquent taxpayer's ownership interest in the account. *See, e.g., Raffaele v. Granger, supra.*

The parties in this case agree that only the portion of the joint account owned by the delinquent taxpayer can be levied upon. And, both parties agree that the co-depositors of the joint account are entitled to make known their respective ownership interests in the joint account in order to insure that only that portion of the account belonging to the taxpayer is seized by way of levy. At this point, however, the parties part company and disagree as to the procedure by which the co-depositors should be notified and allowed to represent, and make proof of, their interests in such accounts.

What the Court is left with then is the fundamental issue in this case: by what procedure, if any, should the ownership interests of the co-depositors in a joint bank account be protected when the government levies upon the entire account to obtain the funds owned by only one co-depositor, the delinquent taxpayer?

In beginning its analysis, the Court is mindful of the distinction between cases involving levy where the ownership interest of the property in question is undisputed and those cases where multiple ownership interests are facially present. The point was well made in the case of *United States v. Stock Yards Bank of Louisville,* 231 F.2d at 631, where the court stated:

It should be pointed out, however, that distraint is a rough and ready remedy. This short cut form of self-help developed by the common law has been available to the government in pursuit of delinquent taxpayers since the eighteenth century. See *United States v. Metropolitan Life Ins. Co.,* 2 Cir., 1942, 130 F.2d 149. Where the value and nature of the taxpayer's property rights are not in question, distraint is no doubt a useful tool in the effective enforcement of the Internal Revenue laws. But it is a blunt instrument, ill-adapted to carve out property interests where their nature and extent are unclear.

Where a levied-against bank account is in the taxpayer's name only, it is reasonable that the bank should be required to comply immediately with the demand to surrender the funds. But in the case of a joint account, there is facial evidence of some co-ownership by others, although the actual extent of their undivided ownership interests is not usually known. Thus, the holding and reasoning of the Arkansas Supreme Court in the *Hayden* case makes practical as well as judicial sense.

In these joint account cases, the National Bank of Commerce would require the joinder of the co-depositors in any suit to enforce a levy. This argument presumes, of course, that every time a notice and demand for levy is brought against a joint bank account, the bank will automatically refuse to surrender the funds, thereby defeating the extra-judicial aspect of the levy procedure and forcing the government to bring a lawsuit for enforcement of the levy. The Bank would avoid assuming the burden of proving the ownership interests of the co-depositors in the joint account by requiring that the government name the co-depositors as co-defendants in the enforcement suit.

The government, on the other hand, would require the Bank to surrender the funds levied upon, relying on the presumption of ownership in the taxpayer set forth in *Hayden*. To protect the co-depositors, the government would neither notify them of the levy, name them as co-defendants in an enforcement suit, nor allow the bank to assert their ownership interests in its defense, but would have them pursue a post-seizure remedy of bringing suit against the government for the return of their proportionate interest in the levied-upon property under 26 U.S.C. § 7426.

This Court sees merit in both of the parties' arguments, but finds that neither side has offered the best legally acceptable solution to this important problem.

At the outset, the levy and distraint proceeding under the Code may involve two parts: (1) the notice and demand of levy, an extra-judicial proceeding, and (2) the enforcement of the levy when the demand is contested, a judicial proceeding. A case such as the one before the Court has already reached the judicial stage, yet the parties argue about the rules that ought to be applied at both stages. The real issue raised is: what should the rules be at the notice and demand stage of the administrative, levy proceeding so as to avoid coming to court altogether?

Pivotal to the resolution of this issue is the interest of the co-depositor in not having his ownership interest in the account erroneously taken by the government. To avoid this, some notice procedure at the levy stage is required. The non-taxpayer co-depositor has a right to some due process of law, which is something more than the post-seizure lawsuit allowed under Section 7426.

Due process is not a concept unrelated to the circumstances of a particular problem. It is a flexible concept which calls for such procedural protection as the particular situation demands. *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). What is required under *Mathews* is a three-part analysis in order to determine what process is due. The first requirement is an assessment of the interests of the party whose property is at stake. In the joint bank account situation, there are at least two interested parties, excluding the taxpayer, whose rights are fully protected by the initial process where it is determined that taxes are due, and by the redemption proceedings under 26 U.S.C. § 6337. There is the co-depositor who does not want his ownership interest in the joint account seized along with that of the taxpayer's. And there is the bank which has an interest in not being placed in the position of deciding who actually owns what portion of the account, thereby facing possible liability to the co-depositor whose ownership interest in the account is mistakenly seized.

The second requirement is an assessment of the government's interest. In this situation, it needs the extra-judicial levy and distraint procedure to be as free as possible from excessive procedural requirements in order to obtain swift and inexpensive collection of delinquent taxes. It also needs a device to "freeze" the account *eo instanti.*

The final requirement is the crux of the due process analysis: what additional procedures, if any, would increase the probability of insuring that no property interest of the co-depositor is taken while at the same time adding minimal burdens upon the government in lawfully seizing property for tax liabilities? Clearly, a full hearing at the levy stage of the procedure would unduly burden the government, although it would insure near perfect accuracy in determining the proper ownership interests in the joint bank account. This Court finds, however, that there is a less burdensome alternative, which it holds to be the minimum due process required in distraint actions against joint bank accounts.

█ The essential elements of due process are notice and an opportunity to be heard. Therefore, when the Secretary of the Treasury or his agent gives notice to a bank for levy and distraint upon a joint bank account, the bank must immediately freeze the assets of the account and notify the Secretary or his agent of the names of all co-depositors to the account. The Secre-

tary or his agent must then notify those co-depositors of the levy action, giving them a reasonable (even if brief) time period in which to respond both to the government and the bank by affidavit or other appropriate means, specifically setting out any ownership interest in the joint account which they claim and the factual and legal basis for that claim. If there is no response from the co-depositors within the required time, the bank must relinquish the funds levied upon and the co-depositors' only remedy, if any, will be to bring a lawsuit for recovery under 26 U.S.C. § 7426. If, however, a response adequately stating a claim is made by one or more of the co-depositors, the Secretary or his agent must determine what portion, if any, of the account belongs to the taxpayer (i.e., is not contested), and the bank must surrender only that portion of the account. During this time, the government's interest will be protected by the freeze initially placed on the account.

■ If a good faith dispute develops over the ownership interests in the account, as evidenced by the affidavits or other information, the bank can refuse to surrender those funds in the account which are not clearly owned by the taxpayer, and the Secretary or his agent can then bring a suit to enforce the levy, as was done in the present case. At this point, however, due process would require that the government in its suit to enforce the levy name the co-depositors as co-defendants with the bank. The Court would allow the government the presumption that the entire account belongs to the taxpayer, and the co-depositors, through either testimony or by affidavits or otherwise, would have to rebut the presumption in accord with *Hayden.* And it is noted, even in-court summary dispositions may be available depending upon the facts and circumstances.

Under this procedure, most levy and distraint demands on joint bank accounts probably will not require in-court enforcement proceedings. If they do, the majority of them can probably be disposed of by summary judgment based on affidavits from the co-depositors. This procedure will put a minimal burden on the government, while serving to increase the likelihood that only the portion of a joint bank account belonging to the taxpayer is seized. Indeed, in the present state of affairs, the expense to the government is great when it wants to levy upon a joint bank account. The bank refuses to surrender the funds in fear for its own liability, and the government is forced to take the matter directly to court. If the government persuades the bank to surrender the funds, the co-depositors can force the government into court where the burden of proof is then on the government to show that all the funds seized were the property of the taxpayer. *See Flores v. United States,* 551 F.2d 1169 (9th Cir.1977). Again, time and money are spent by the government, defeating the purpose of the distraint statute and diminishing the value of the tax monies ultimately collected.

Although case law on the narrow issue of proper due process protection for co-depositors to a levied-upon joint bank account is virtually nonexistent, there appears to be support for the procedure as outlined by this Court. In the *United States v. Stock Yards Bank of Louisville* case, which involved a levy upon jointly owned bonds held by the bank, the court required the government to bring an action to enforce a lien against the bonds and name the joint owners as co-defendants, rather than proceed against the bank by distraint. In the court's words:

> In such a proceeding the extent of the taxpayer's interest in the bonds can be finally adjudicated, and the rights of all parties fully protected.

This Court does not believe that all distraint actions against joint bank accounts automatically should be required to be converted into lien enforcement actions under 26 U.S.C. § 7403, but the point of this case is well taken with respect to the need for protection of the co-depositors' interest.

In *United States v. New England Merchants National Bank,* 465 F.Supp. 83 (D.Mass.1979), a taxpayer's safe deposit box was levied upon and the bank refused to

surrender it, contending that the ownership of the contents in the box was unknown. Although the court refused to require the joinder of the *taxpayer* in the enforcement suit, it did allow the bank to present the defense of ownership interests by possible third parties having an interest in the contents of the box. However, no evidence by the bank was offered (even by way of court-suggested affidavits) that other parties had an ownership interest in the contents of the box, and therefore summary judgment was granted to the government.

This Court finds the rationale of the district court of Massachusetts with respect to a safe deposit box and the defense of ownership by third parties to be relevant to cases involving joint bank accounts. The court stated:

> The ownership issue in a case involving seizure of contents of a safe deposit box is relatively simple, and the available evidence is limited. Moreover, because the United States possesses the key to the safe deposit box, the taxpayer is unable to purloin its contents. The need for rapid action, thus, is not as pronounced as in some other cases.

465 F.Supp. at 88.

Nevertheless, this Court takes the holding of the Massachusetts court a bit further by requiring the government to *either* notify the co-depositors of the levy on the joint account and give them an opportunity to present any claims of separate ownership interests during the administrative "levy" proceedings *or* join them as co-defendants with the bank in an enforcement action on the levy, thereby insuring that a full and fair determination of the ownership interests in the joint account can be made. This minimal burden of notice and/or joinder more properly belongs on the government than the bank in a joint account case because the account itself presents prima facie evidence of ownership interests other than that of the taxpayer. Furthermore, the government is protected by the freeze on the funds in the joint account, and the ultimate evidence of ownership interests in the account is relatively easy to obtain, e.g.,

by affidavit. Finally, the government enjoys the presumption that the taxpayer owns all funds in the joint account.

Having set forth the due process requirements necessary in cases involving levy and distraint action upon joint bank accounts made pursuant to 26 U.S.C. §§ 6331 and 6332, the Court must now resolve the dispute before it.

The Court holds that the case must be dismissed in order to allow the government an opportunity to obtain the tax funds it seeks through the administrative, extra-judicial levy procedure as defined by section 6331 and in accord with the due process procedures as outlined in the opinion. What the Secretary or his agents must do then to obtain the funds sought from the joint bank account is to notify Ruby Reeves and Neva R. Reeves informing them that a levy of $856.61 has been made on the joint bank accounts to which they are co-depositors and that they have a certain (reasonable) time in which to notify both the designated government agent and the bank of any claim of an ownership interest in the joint account, the dollar amount of such claim, and the legal and factual basis therefor. If no response is made within the required time, the Bank must surrender the $856.61 to the government. If however, any adequate bona fide claim of separate ownership is made, the Bank need only surrender that portion of the funds in the joint account that is uncontested, i.e., is in excess of the total amount of such other bona fide claims. If an ownership claim is without any stated factual or legal basis, the Bank must consider those funds as part of the account deemed owned by Roy Reeves and surrender them accordingly. If, however, the Bank believes that a genuine dispute exists as to the legality of any ownership claim made by Ruby or Neva Reeves, it may refuse to surrender any portion of the funds so claimed. At that point the government may bring suit to enforce the levy on the contested funds but must name as defendant(s) along with the Bank the co-depositor(s) actually claiming some ownership interest in the joint account.

It is therefore Ordered that the case be, and it is hereby, dismissed as premature in order to give the government an opportunity to obtain the tax funds sought pursuant to section 6331 and in some manner not inconsistent with this opinion.