**UNITED STATES of America,
Appellant,**

v.

**NATIONAL BANK OF
COMMERCE, Appellee.**

No. 83–1218.

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 8, 1985.

Decided Sept. 6, 1985.

John A. Dudeck, Justice Dept., Washington, D.C., for appellant.

Terry F. Wynne, Pine Bluff, Ark., for appellee.

Before BRIGHT, ARNOLD and FAGG, Circuit Judges.

ARNOLD, Circuit Judge.

The Supreme Court has reversed our judgment, 726 F.2d 1292 (8th Cir.1984), in this case. *United States v. National Bank of Commerce,* —— U.S. ——, 105 S.Ct. 2919, 86 L.Ed.2d 565 (1985). On August 8, 1985, the mandate of the Supreme Court, issued August 5, 1985, was received

by this Court, and the case is therefore before us for further proceedings.

The mandate reads in pertinent part as follows:

> ... It is ordered and adjudged ... that the judgment ... in this cause is reversed, and that this cause is remanded to the United States Court of Appeals for the Eighth Circuit for further proceedings in conformity with the opinion of this Court.

We must now decide what further proceedings should be undertaken. The District Court, 554 F.Supp. 110 (E.D.Ark.1982), held that the statute authorizing Internal Revenue Service levies, 26 U.S.C. § 6331, would be unconstitutional under the Due Process Clause of the Fifth Amendment, as applied to joint bank accounts, unless interpreted to require that the Internal Revenue Service notify all codepositors and give them a reasonable time within which to claim ownership interest in a joint account. If such an interest were claimed, and if the bank on which the levy was served believed that a genuine dispute existed as to any such ownership, it could refuse to surrender the funds. At that point the government could bring suit to enforce the levy, but would have to name the codepositors as defendants along with the bank. On appeal, we expressed no opinion on the District Court's constitutional analysis, but reached the same result as a matter of statutory construction.

The Supreme Court's opinion reversing our judgment specifically refrains from passing upon the constitutional questions that were addressed by the District Court. The Court says, —— U.S. at —— n. 12, 105 S.Ct. at 2929 n. 12:

> We do not pass upon the constitutional questions that were addressed by the District Court, but not by the Court of Appeals, concerning the adequacy of the notice provided by § 6343(b) and § 7426 to persons with competing claims to the levied property. There is nothing in the sparse record in this case to indicate whether Ruby and Neva Reeves were on notice as to the levy, or as to what the Government's practice is concerning the notification of codepositors in this context. As the parties are free to address this issue on remand, the dissent's concerns on this score, see *post*, at 2938–2939, are decidedly premature.

It therefore seems inappropriate for us to enter an immediate judgment enforcing the levy against the National Bank of Commerce. The Supreme Court's opinion clearly contemplates that the constitutional questions addressed by the District Court, but not by us, should be further explored. In addition, the footnote above quoted appears to contemplate that additional proof might be offered as to whether the particular codepositors involved here had notice of the levy, and as to what the government's practice is concerning notification of codepositors in this context. If further proof is to be offered, obviously a further remand to the District Court is necessary, since the proof would have to be heard and assessed by that court in the first instance.

It seems, therefore, that our obligation in the present situation is to remand this case to the District Court for further proceedings in conformity with the opinion of the Supreme Court, with particular reference to the factual matters mentioned in footnote 12.

The parties are invited to express their views as to what further proceedings should be undertaken. Since the United States is the prevailing party, we believe it should make its statement first. The United States is therefore directed to file with the Clerk of this Court a brief, which may be in letter form, not to exceed ten pages in length, discussing the nature of further appropriate proceedings on remand, within 30 days after receipt by counsel of this opinion. The appellee National Bank of Commerce will have 15 days after receipt of the United States' brief within which to respond in kind. We will then enter whatever further order seems appropriate.

It is so ordered.