RUSSELL, Judge.
William C. House sought to garnish a bank account to collect a portion of the judgment he was granted against Malcolm Thomas Industries, Inc., and Malcolm Thomas. Malcolm Thomas filed a “motion to release garnishment,” alleging that the bank account is the sole property of his wife and that his name appears as a signatory on the account only to allow him access to the account in the event of her illness and incapacity. He further alleged that all deposits to the account are made by direct deposit of the wife’s payroll check and that all checks were signed by the wife.
After an ore tenus proceeding, the trial court, relying on Amarlite Architectural Products, Inc. v. Copeland Glass Co., 601 So.2d 414 (Ala.1992), granted Thomas’s motion. House appeals. We affirm.
House contends that jointly owned accounts are subject to garnishment by judgment creditors of either of the joint owners. He claims that, although the trial court seemed to rely on the fact that Thomas did not make deposits or write a substantial number of checks, Thomas’s ac-knowledgement of his ability to draw on the account and the signatory agreement with the bank evidenced joint ownership. Therefore, House claims, the funds may be seized under an attachment or an execution.
The issue has been settled by the Alabama Supreme Court in Amarlite, from which we quote as follows:
“We conclude that joint accounts are garnishable to the extent of the ownership of the debtor. See Annot., 11 A.L.R.3d 1465. Furthermore, we agree with the holding in Hayden [v. Gardner, 238 Ark. 351, 381 S.W.2d 752 (1964)], that there is a rebuttable presumption that the funds in the joint account belong to the debtor. The burden is on the depositors to prove otherwise. See Hayden, 238 Ark. at 354, 381 S.W.2d at 754. We consider this to be the most equitable solution, because it is much easier for the depositors than the creditor to have or *1086 obtain proof of the ownership of the commingled funds.”
Amarlite, 601 So.2d at 416.
In the present case Thomas testified that his wife opened the bank account in 1956 and that his name was added to the account in 1985 so that he could write checks after his wife had surgery, as he did not have an account at that time. He further stated that he wrote only two checks on the account. He additionally testified that he had never deposited any funds in the account, that his wife’s payroll check is deposited directly into the account, that only her name is printed on the checks, and that he has written no checks on the account in the last two years. Copies of checks submitted as evidence support the statements that the wife writes the checks on the account and that only her name is printed on the checks. Based on this evidence, the trial court could properly find that Thomas had successfully rebutted the presumption that the funds belonged to him.
The judgment is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.