## AYERS *v.* ANDERSON-TULLY COMPANY.

### Opinion delivered January 11, 1909.

1. APPEAL AND ERROR—ORDER VACATING JUDGMENT.—Kirby's Digest, § 1188,
   providing that "no appeal to the Supreme Court from an order grant-
   ing a new trial, in any case made on bill of exceptions, shall be
   effectual for any purpose unless the notice of appeal contains an assent
   on the part of the appellant that if the order be affirmed judgment
   absolute shall be rendered against the appellant," has no application
   to an order made vacating judgments rendered at a former term of
   the court.  (Page 162.)

2. JUDGMENTS—FINALITY.—A court loses control over its final judgments
   after the lapse of a term, and in the absence of a statute conferring
   such power cannot at a subsequent term alter or vacate them.  (Page
   163.)

3. APPEAL AND ERROR—FINAL JUDGMENT.—A proceeding under Kirby's
   Digest, § § 4431-7, to have a judgment rendered at a former term set
   aside is equivalent to an independent action instituted for that pur-
   pose, and an order of the court vacating the judgment is final in the
   sense that it determines the rights of the parties under the judgment,
   even though it leaves the original action still pending for further pro-
   ceedings.  (Page 163.)

4. ACTIONS—RIGHT TO TRANSFER.—Kirby's Digest, § 5992, providing that
   an error of the plaintiff as to the kind of proceedings adopted "may be
   corrected by the plaintiff without motion at any time before the de-
   fendant has answered or afterward on motion of the court," does not
   impower the circuit clerk to order a cause to be transferred from the
   circuit court to the chancery court or *vice versa,* nor can a plaintiff,
   after summoning a defendant to answer in the former court, transfer
   the case to chancery, except by dismissing the action and instituting
   it anew in the other court.  (Page 164.)

5. JUDGMENT—WANT OF JURISDICTION.—Where the chancery court never
   acquired jurisdiction over a party by virtue of a pretended transfer
   from the circuit court, its decree was void, and was properly vacated
   at a subsequent term.  (Page 164.)

6. SAME—PRESUMPTION AS TO JURISDICTION.—Where the facts which defeat
   the jurisdiction of a court appear affirmatively on the face of the

record, there is no presumption in favor of the regularity of the proceedings, so that its judgment may be attacked either directly or collaterally. (Page 164.)

7.  SAME—VACATION—PRACTICE.—Where a decree shows on its face that it is wholly void for want of jurisdiction, the defendant against whom it was rendered is not required to make a showing of meritorious defense in order to vacate it. (Page 164.)

8.  ACTIONS—RIGHT TO TRANSFER—PRACTICE.—Kirby's Digest, § 1282, providing that "in cases required by law to be transferred from or to the law side of the circuit court, such cases shall be transferred from the circuit court to the chancery court, and from the chancery court to the circuit court, in counties wherein chancery courts are established," intended that in all cases where under former statutes it was proper to transfer a cause from one court to another the right of the court to transfer causes should exist, but not that plaintiff could move a cause from one court to the other at will. (Page ·165.)

Appeal from Mississippi Chancery Court; *Edward D. Robertson,* Chancellor; affirmed.

*J. T. Coston* and *Murphy, Coleman & Lewis,* for appellant.

Appeal properly lies from the order of the chancery court setting the judgment aside. Kirby's Digest, § 1188. The only way a final judgment may be set aside in this State is by a strict compliance with sections 4431, 4432, 4433, 4434, 4435, Kirby's Digest; 52 Ark. 316. Such orders are appealable. 22 N. E. 930; 12 O. St. 136; 46 N. W. 201; 20 How. Pr. 439; 38 Pac. 710; 19 Md. 234.

*Brown & Anderson,* for appellees.

The court had the right to set the judgment aside. 6 Ark. 451; 32 *Id.* 721; Kirby's Digest, § 4426. The order is not a final order, and therefore not appealable. 5 Ark. 398; 1 *Id.* 406; 44 *Id.* 345.

McCULLOCH, J. In January, 1907, appellants, Sallie J. Ayers and others, the widow and children of E. M. Ayers deceased, commenced an action in the circuit court of Mississippi County against appellee to recover possession of lands described in the complaint. Summons was duly issued, and on January 15, 1907, was served on appellee's agent, requiring it to answer at the next term of the court, which convened on May 6, 1907.

On February 5, 1907, appellant's attorney made an indorsement on the circuit court docket to the effect that appellee's ten-

ant had vacated the lands, and that they (appellants) elected to transfer the cause to the chancery court. The clerk of the court thereupon made the following indorsement, duly signed, on the docket, to-wit:

"I hereby transfer the above cause to the chancery court."

The cause was docketed in the chancery court, and on April 9, 1907, without appellee having appeared, the court rendered a final decree by default in favor of appellants, confirming their alleged title to the lands in controversy.

On April 3, 1907, appellee without any notice of the attempted transfer of the case to the chancery court, filed in the circuit court a petition and bond in due form for removal of the cause to the circuit court of the United States.

On the third day of the next succeeding term of the chancery court appellee filed its petition asking that the decree rendered at the preceding term be vacated on the ground that the attempted transfer from the circuit court to the chancery court was a misprision of the clerk, and that the cause never stood for trial in the chancery court. This petition was heard at the March term, 1908, and, in accordance with the prayer thereof, the former decree was vacated and set aside. From the order setting aside the former decree appellants took an appeal to this court.

Appellee now moves to dismiss the appeal on the ground that the order was not appealable.

It is only from final judgments and decrees which conclude the rights of the parties with respect to the subject-matter of the controversy that appeals may be taken to this court; and it must be conceded that an order vacating a judgment or granting a new trial made at the term during which the judgment was rendered is not appealable except on the terms prescribed by the statute.

The statute provides that "no appeal to the Supreme Court from an order granting a new trial, in a case made or bill of exceptions, shall be effectual for any purpose unless the notice of appeal contains an assent on the part of the appellant that, if the order be affirmed, judgment absolute shall be rendered against the appellant." Kirby's Digest, § 1188. This statute obviously has no application to an order made vacating judgments rendered at a former term of the court.

A court, after the lapse of a term, loses control over its final judgments, and, in the absence of a statute conferring such power, cannot at a subsequent term alter or vacate them. *Johnson* v. *Campbell,* 52 Ark. 316. The statutes of this State confer such power, but only in such manner and upon certain terms which are prescribed. Kirby's Digest, § § 4431-4437.

The proceeding, under the statute, to have a judgment set aside which was rendered at a former term is equivalent to an independent action instituted for that purpose, and the order of the court either vacating the judgment or refusing to do so is final in the sense that it determines the rights of the parties under the judgment; even though, after vacating the judgment, it leaves the original action still pending for further proceedings. *Huntington* v. *Finch,* 3 Ohio St. 445; *Braden* v. *Hoffman* (Ohio), 22 N. E. 930; *Weber* v. *Tschetter,* (S. D.) 46 N. W. 201; *Joyce* v. *New York,* 20 How. Prac. 439; *Henderson* v. *Gibson,* 19 Md. 234; *Curtiss* v. *Bell,* (Mo.) 111 S. W. 131.

The Ohio court, in construing a statute similar to the one prevailing in this State with reference to appeals, said: "The court of common pleas has ample control over its own orders and judgments during the term at which they are rendered, and the power to vacate or modify them in its discretion. But this discretion ends with the term, and no such discretion exists at a subsequent term of the court. And the power of the court to set aside or vacate its judgments, subsequent to the judgment term, is governed by settled principles, and for a departure from which any judgment or order may be subject to be reviewed and reversed, on proceedings in error." *Huntington* v. *Finch, supra.*

The Maryland Court of Appeals in *Graff* v. *Merchants, etc., Co.,* 18 Md. 371, said that the authorities which hold that an order is not appealable which does not conclude the rights of the parties and deny the means of further prosecuting or defending the suit are to be "understood as applicable to cases where the judgment appealed from is entered while the cause is *in fieri,* and not as embracing those where the plaintiff has obtained a final judgment, and the term has passed."

We conclude that the order of the chancery court vacating the decree rendered at the former term is appealable, and that the question is properly before us for review whether or not the

decision was correct. That question was fully argued by counsel in their briefs, and we may as well dispose of the case now without waiting for it to be reached regularly on the calendar.

The case was never properly transferred to the chancery court, and that court acquired no jurisdiction to render a decree. Appellee was summoned to answer the complaint in the circuit court, and before the return day of the writ it appeared and filed petition and bond for removal to the Federal Court. The statute does not impower the clerk to order transfer of causes from the circuit court to the chancery court or *vice versa*. This can be done only by an order of the court. Neither can a plaintiff, after he has instituted his action in one court and caused summons to issue requiring a defendant to answer in that court, transfer the case to another court, except by dismissing it and instituting it anew in the other court.

The chancery court never acquired jurisdiction over appellee, the decree was void, and the court properly set it aside. The facts which defeat the jurisdiction of the chancery court appeared affirmatively on the face of the record, therefore no presumption prevails in favor of the regularity of the proceedings, and the decree is not impervious to an attack, either direct or collateral.

Nor was appellee bound to make a showing of meritorious defense, as the decree was wholly void because the court on the face of the record had no jurisdiction to render it.

Affirmed.

## ON REHEARING.

### Opinion delivered February 15, 1909.

PER CURIAM. Appellant insists that the statutes of this State authorize a transfer of a case from the circuit court to the chancery court, or *vice versa*, by the plaintiff before the answer of the defendant is filed, without an order of the court directing the transfer.

The statutes relied on are as follows:

"Section 5991. An error of the plaintiff as to the kind of proceedings adopted shall not cause the abatement or dismissal of the action, but merely a change into the proper proceedings

by an amendment in the pleadings and a transfer of the action to the proper docket.

"Section 5992. The error mentioned in the last section may be corrected by the plaintiff without motion at any time before the defendant has answered, or afterward on motion in court." Kirby's Digest.

We do not think that it was ever intended that the above quoted statute should authorize the plaintiff to transfer an action without an order of the court. The correction to be made by the plaintiff, provided for in section 5992, means an amendment to the pleadings, and does not refer to the act of ordering the transfer. That must be done by the court, and the court in which the action was originally brought retains it until the transfer is ordered.

But, even if the statute could be construed as meaning what appellant contends, the separation of chancery courts from circuit courts abrogated the statute to that extent. It is absolutely inconsistent with the orderly proceedings of these courts that, after an action has been regularly instituted in one of them, it should be transferred to the other by the act of the plaintiff except by a dismissal of the action and commencement of a new one.

The Legislature in 1893, enacted a statute providing that "in cases required by law to be transferred from or to the law side of the circuit court such cases shall be transferred from the circuit court to the chancery court, and from the chancery court to the circuit court in counties wherein chancery courts are established." Kirby's Digest, § 1282.

This statute must, we think, be construed to mean that in all cases where under former statutes it was proper to transfer from the court to the other the right to transfer should exist, and that the proper court should order the transfer; not that the plaintiff could move the case from one court to the other at will.

Rehearing denied.