## STEADMAN *v.* STATE.

### Opinion delivered October 31, 1910.

CERTIORARI—PRACTICE.—The error of rendering judgment in favor of a plaintiff whose death occurred before the trial should be corrected on appeal, and can not be reached by certiorari. unless it appears that petitioner unavoidably lost his right of appeal.

Certiorari to Union Circuit Court; *George W. Hays,* Judge; writ quashed and judgment affirmed.

*Moore, Warren & Smith,* for appellant.

The owner of the horse having died before the trial, the court was without authority to assess the statutory damages against appellant in favor of the owner of the horse. 23 Ark. 152; 56 Ark. 324; 11 Ill. 211; 32 Ill. App. 226; 6 Mo. App. 135; 39 Ark. 104; 51 Ark. 83. The right to enter judgment for the penalty abated at the death of the owner. 1 Cyc. 47, 48, note 51; *Id.* 50; 41 Ark. 295.

*Hal L. Norwood,* Attorney General, and *Wm. H. Rector,* Assistant, for appellee.

Certiorari does not lie in this case. 73 Ark. 606; 61 Ark. 605; 62 Ark. 196; 39 Ark. 347; *Id.* 399; 69 Ark. 587; 37 Ark. 318; 56 Ark. 80; 70 Ark. 71; 92 N. C. 562; 43 Ark. 32; Harris, Certiorari, § 416.

WOOD, J.    The question presented by this petition is whether a judgment rendered in favor of a plaintiff whose death, according to the evidence in the bill of exceptions, occurred before the trial, can be reversed and set aside on certiorari.

Certiorari will not lie to correct errors or irregularities that could have been corrected on appeal. *Reese* v. *Cannon,* 73 Ark. 606; *Salem* v. *Colley,* 70 Ark. 71; *Grinstead* v. *Wilson,* 69 Ark. 587; *Pine Bluff, etc., Co.* v. *Pine Bluff,* 62 Ark. 196; *Sumerow* v. *Johnson,* 56 Ark. 85; *Pettigrew* v. *Washington County,* 43 Ark. 33; *Haynes* v. *Semmes,* 39 Ark. 399; *Baskins* v. *Wylds,* 39 Ark. 347; *Payne* v. *McCabe,* 37 Ark. 318.

The error complained of here was an irregularity that did not appear on the face of the record itself, but was made to appear from the testimony in the case preserved in the bill of exceptions.    The error was such as could have been corrected on appeal.    There is no showing that the petitioner herein has unavoidably lost his right of appeal.

Judgment affirmed.