HICKS *v.* LIGHT, JUDGE.

5-1566                                          314 S. W. 2d 479

Opinion delivered June 23, 1958.

*McCourtney, Brinton, Gibbons & Segars,* for petitioner.

*Killough & Killough,* for respondent.

SAM ROBINSON, Associate Justice. L. T. Hicks has filed in this Court a petition for a writ of *certiorari* seeking to review the action of the trial court in setting aside a default judgment. Hicks had caused a writ of garnishment to be issued against B. C. Baker in an attempt to collect a judgment against one N. M. Scoggins. Baker failed to answer within the time named in the writ of garnishment, and the trial court rendered a default judgment against him. Later, during the same term of court, on the motion of Baker, the court set aside the default judgment. It is the action of the trial court in setting aside the default judgment against the garnishee, Baker, that petitioner seeks to review by *certiorari.*

An appeal will not lie from an order setting aside a default judgment rendered during the same term of court in which it is set aside. In *McPherson* v. *Consolidated Casualty Co.,* 105 Ark. 324, 151 S. W. 283, in referring to an appeal from an order setting aside a default judgment, Judge Frank Smith said: ''Cases cannot be tried by piecemeal, and one can not delay the final adjudication of a cause by appealing from the separate orders of the court as the cause progresses. When a final order or judgment has been entered in the court below determining the relative rights and liabilities of the respective parties, an appeal may then be taken, but not before. No such final judgment has been entered here, and the appeal must be dismissed.''

A writ of *certiorari* cannot be used as a substitute for appeal to correct the alleged errors of an inferior

court. *Pettigrew* v. *Washington County,* 43 Ark. 33. In *Steadman* v. *State,* 96 Ark. 344, 131 S. W. 679, Judge Wood said: *"Certiorari* will not lie to correct errors or irregularities that could have been corrected on appeal."

In the case at bar if the trial court was in error in setting aside the default judgment against the garnishee, such error could be corrected on an appeal from a final judgment. If we should at this time go into the merits of the court's action in setting aside the default judgment, it might be treated as a precedent for substituting *certiorari* for appeal to correct such alleged errors.

Petition denied.