MAXWELL *v.* MAXWELL

5-3717                                            397 S. W. 2d 788

Opinion delivered January 10, 1966.

*Paul K. Roberts,* for appellant.

*Joe Holmes,* for appellee.

SAM ROBINSON, Justice. On the 18th day of January, 1964, Mrs. Bernice Maxwell, Administratrix, filed suit in the Perry Circuit Court to replevy a pickup truck from May Maxwell. On the 13th day of February,

1964, the defendant filed a general demurrer to the complaint. The cause was set for pre-trial conference for the 18th of April, 1964; the defendant failed to appear, and default judgment was rendered in favor of the plaintiff.

On the 1st day of May, 1964, the defendant, appellee here, filed a petition to set aside the default judgment. The motion to set aside the default judgment was not acted upon until December 11, 1964, at which time the term of court in which the judgment was rendered had expired. The court set aside the judgment, and the plaintiff has appealed to this court.

The order setting aside the default judgment at a term subsequent to the one in which the judgment was rendered is a final order and appealable. *Ayers* v. *Anderson-Tully Co.*, 89 Ark. 160, 116 S. W. 199; *Blackstad* v. *Bond & Osborne*, 104 Ark. 45, 148 S. W. 262; *Robinson* v. *Citizens Bank of Pettigrew*, 135 Ark. 308, 204 S. W. 615.

The motion to set aside the default judgment states that certain letters between the attorneys for the parties were attached as exhibits to the petition. Perhaps in setting aside the judgment the trial court had the benefit of these letters. The letters, however, are not in the record, and neither side has suggested that the record is not complete, and there is no petition for certiorari to send up any part of the record that is not here. As it stands in this court, the record contains no evidence and no exhibits to sustain the trial court's action in setting aside the judgment.

Reversed with directions to reinstate the default judgment.