## SCHUECK STEEL, INC. *v.* McCARTHY BROTHERS COMPANY

86-96                                                                711 S.W.2d 820

Supreme Court of Arkansas
Opinion delivered July 7, 1986
[Supplemental Opinion on Rehearing October 20, 1986.*]
[Rehearing denied November 24, 1986.*]

*Owens, McHaney & Calhoun,* by: *John C. Calhoun, Jr.,* for appellant.

*Friday, Eldredge & Clark,* by: *John Dewey Watson,* for appellee.

ROBERT H. DUDLEY, Justice. ■   Appellant Schueck Steel, Inc. filed suit to foreclose a lien against appellee McCarthy Brothers Company. The trial court granted a default judgment against appellee. Later, the trial court set aside the default judgment. Appellant appeals, contending that the trial court erred in setting aside the default judgment. We dismiss the appeal because the setting aside of a default judgment is not a final judgment by the trial court. Ark. R. App. P. 2.

■■   We have frequently held that we will not decide the merits of an appeal when the order appealed is not a final one. *Fratesi* v. *Bond,* 282 Ark. 213, 666 S.W.2d 712 (1984); *Corning Bank* v. *Delta Rice Mills, Inc.,* 281 Ark. 342, 663 S.W.2d 737 (1984); *Heffner* v. *Harrod,* 278 Ark. 188, 644 S.W.2d 579

---

* Holt, C.J., not participating.

(1983); *McIlroy Bank & Trust* v. *Zuber*, 275 Ark. 345, 629 S.W.2d 304 (1982); *Roberts Enterprises, Inc.* v. *Arkansas Highway Commission*, 277 Ark. 25, 638 S.W.2d 675 (1982). In all of these cases we have stated that in order for a judgment to be appealable, it must dismiss the parties or conclude their rights to the subject matter in controversy. Here, the parties are still before the trial court, and the rights in the subject matter remain to be decided.

The appellee does not raise the issue of appealability, but the issue is a jurisdictional one which we raise on our own in order to avoid piecemeal litigation. *Hyatt* v. *City of Bentonville*, 275 Ark. 210, 628 S.W.2d 326 (1982).

Appeal dismissed.

Supplemental Opinion on Rehearing
October 20, 1986

717 S.W.2d 816

*Owens, McHaney & Calhoun*, by: *John C. Calhoun, Jr.*, for appellant.

*Friday, Eldredge & Clark*, by: *John Dewey Watson*, for appellee.

ROBERT H. DUDLEY, Justice. In the original opinion, we dismissed this appeal on the basis that the order setting aside a default judgment was not a final order. In the petition for rehearing, the petitioner argues that we erroneously applied the "final order" rule because the default judgment in the case was set aside over ninety days after the judgment was entered. The petitioner's argument is valid. In *Maxwell v. Maxwell*, 240 Ark. 29, 397 S.W.2d 788 (1966) we said: "The order setting aside the default judgment at a term subsequent to the one in which the judgment was rendered is a final order and appealable." A.R.C.P. Rule 60(b) has substituted a fixed period of ninety days for the term of court. Since this order setting aside the judgment was entered more than ninety days after the judgment was entered, it is a final and appealable order. Therefore, we grant the petition for rehearing and reinstate the appeal. In this supplemental opinion we affirm the case on its merits.

The material facts of the case are that Missouri Pacific Railroad Company contracted with appellee, McCarthy Brothers Company, for the construction of a locomotive repair facility in North Little Rock. Appellee McCarthy in turn subcontracted part of the project to appellant, Schueck Steel, Inc. At the conclusion of appellant Schueck's work on the project, appellee McCarthy refused to pay Schueck the contract balance of $91,406.68. Schueck filed a materialman's lien against the Missouri Pacific property. On February 5, 1985, Schueck sued McCarthy for the debt and joined Missouri Pacific to foreclose the lien. Federal Insurance Company was joined as McCarthy's surety. Missouri Pacific filed a timely general denial on February 25, 1985. McCarthy did not file an answer. On March 14, 1985, Schueck non-suited both Missouri Pacific and Federal Insurance Company. This action left only McCarthy as a defendant, and McCarthy had not answered. On March 18, 1985, Schueck filed a motion for a default judgment against McCarthy. The trial court granted the default judgment. Following writs of garnishment against Missouri Pacific and a bank, McCarthy, on March 28, moved to set aside the default judgment. On April 22 the trial court, by letter opinion, ruled that the default judgment should be set aside. The trial court gave two reasons for its ruling: (1) the answer filed by Missouri Pacific inured to the benefit of McCarthy pursuant to the common defense doctrine as set out in

*Firestone Tire & Rubber Co.* v. *Little*, 269 Ark. 636, 599 S.W.2d 756 (Ark. App. 1980), and (2) the answer by the common defendant was not erased by the later dismissal of Missouri Pacific.

Appellant, in its original brief in this court, does not question the first part of the ruling which concerns the applicability of the common defense doctrine to this case. Instead, appellant questions only the second part of the ruling. The following two statements contained in the argument of appellant's opening brief state the argument very clearly:

> This case presents a narrow issue of procedure: Is a defaulting party insulated from judgment by reason of an answer once filed by a co-defendant even though the answering defendant is no longer in the case at the time a default judgment is requested and entered?

> The sole and limited issue for decision is whether MoPac's answer continued to inure to the benefit of McCarthy after MoPac was dismissed from the suit.

The appellee responded to the argument in its brief by citing a case, *Rogers* v. *Watkins*, 258 Ark. 394, 525 S.W.2d 665 (1975), which is squarely in point. In that case, the plaintiff filed suit against a seventeen year old girl, her mother, and her father. The mother and daughter answered in due time, while the father did not. The plaintiff dismissed the mother and the daughter, and then took a default judgment against the father. We reversed and expressly held that the answer inured to the benefit of the father, even after the daughter and her mother were dismissed from the suit. On the basis of the *Rogers* precedent, the trial court ruled correctly in the case at bar.

In its reply brief the appellant first contends that *Rogers* was not correctly decided because the common defense doctrine should not have been applied. (For a discussion of the subject, see Note, *Firestone Tire & Rubber Co.* v. *Little: Overextension of the Common Defense Doctrine*, 35 Ark. L. Rev. 328 (1981)). Next, appellant argues that the common defense doctrine should not be applicable in the case at bar since Missouri Pacific was only secondarily liable and the defenses were not truly common. In so contending, the appellant has shifted arguments and, for the first

time in the reply brief, is actually contending that the trial court erred by applying the common defense doctrine.

As set out earlier, the trial court made a ruling on two separate points. One of those points was that the common defense doctrine provided an answer for the common defendant, appellee McCarthy. Appellant did not question that ruling in its opening brief, instead, it raises the argument for the first time in the reply brief.

We do not consider arguments raised for the first time in a reply brief. *Myers* v. *Muuss*, 281 Ark. 188, 662 S.W.2d 805 (1984). The reason is that the appellee is not given a chance to rebut the argument. *Yellow Cab Co.* v. *Sanders*, 250 Ark. 418, 465 S.W.2d 324 (1971). Accordingly, we do not consider appellant's argument that the trial court erred by applying the common defense doctrine.

Affirmed on its merits.

HOLT, C.J., not participating.