Karin Pedersen BROCK, wife of/and
Keith Brock, Plaintiffs–Appellants,

v.

PRIMEDICA, INC., et al.,
Defendants–Appellees.

No. 89–3888

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 28, 1990.

Daniel E. Becnel, Jr., Becnel, Landry &
Becnel, Reserve, La., for plaintiffs-appellants.

Virginia N. Roddy, Sheila T. Walet,
Phelps, Dunbar, Marks, Claverie & Sims,
New Orleans, La., for Primedica, Inc.

Kenneth J. Servay, Johnathan C. McCall,
Harry McCall, Jr., Rica J. Polansky, Douglas L. Grundmeyer, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, La., for
Lincoln Nat'l.

Before POLITZ, GARWOOD, and
JOLLY, Circuit Judges.

POLITZ, Circuit Judge:

Karin Pedersen Brock and her husband
Keith Brock appeal an adverse summary
judgment dismissing their claims against
her former medical insurer. The insurer
rejected her claim because she was not
eligible for continued coverage after she
terminated her employment from whence
the medical coverage emanated. Finding
no error, we affirm.

*Background*

Medserv Corporation, formerly known as
Medserv, Inc., established a self-insured

welfare benefit plan to provide medical, dental, and short-term disability benefits for its employees and those of it subsidiaries, including Primedica, Inc. The Medserv Plan is administered by Lincoln National Administrative Services Corporation and is governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.* Karin Brock, as a Primedica employee, participated in the Medserv Plan until the termination of her employment in February 1988. Mrs. Brock also was covered as a dependent on her husband's group health insurance plan, both before and after her termination.

Two days before Karin Brock's resignation became effective Primedica sent her a form letter regarding the status of benefits upon termination. This letter explained that under the amendments to ERISA made by the Comprehensive Omnibus Budget Reconciliation Act of 1986 (COBRA), 29 U.S.C. § 1161, *et seq.*, she was entitled to continue her group health coverage at group rates, but subject to a limitation. The letter advised:

> PLEASE NOTE: If applicable [Both you and your spouse should take the time to read this notice carefully.] You cannot purchase insurance through COBRA if you are covered by other group health plans.

Despite this cautionary statement and the fact that she was not eligible because she was covered under her husband's group health plan, Brock sought to continue her coverage under the Primedica policy and paid the required premium. She subsequently submitted claims for medical expenses incurred after her resignation. Upon discovering from Brock's claim form that she was covered under her husband's policy, Primedica denied her claims, notified her of her ineligibility for continuation coverage, and refunded her premium. Brock did not seek administrative review of the denial of her claims.

Brock and her husband sued Primedica and Lincoln National in Louisiana state court seeking the post-termination health benefits she had been denied and extracontractual damages stemming from that denial. Lincoln National removed the case to federal court and at the close of discovery Primedica and Lincoln National filed motions for summary judgment. The district court granted the motions on the grounds that Brock was not entitled to continuation coverage under COBRA and that her state law claims for damages were preempted by ERISA. The Brocks timely appealed.

### Analysis

■ The primary focus of the Brocks' argument on appeal is that Karin Brock was not informed of any limitations on her eligibility for continuation coverage and that, having accepted her premiums, Primedica should be estopped from denying benefits. This argument founders for two reasons. The record belies Karin Brock's claim that she was never informed of the limitations on continuation coverage. She concedes that she was informed of her right to continue coverage. The letter so advising also advised of the limitation pertinent herein. Further, the estoppel argument, raised for the first time on appeal, is not properly before this court.

Congress enacted the COBRA amendments to ERISA in response to "reports of the growing number of Americans without *any* health insurance coverage and the decreasing willingness of our Nation's hospitals to provide care to those who cannot afford to pay." H.R.Rep. No. 241, 99th Cong., 2d Sess. 44, *reprinted in* 1986 U.S. Code Cong. & Admin.News 42, 579, 622 (emphasis added). Thus COBRA requires sponsors of group health plans over a certain size to provide continuing coverage on an individual basis for qualified beneficiaries until, among other triggering events, those beneficiaries become covered under another group health plan, as an employee or otherwise. 29 U.S.C. § 1162(2)(D)(i).

■ We find the decision in *Oakley v. City of Longmont,* 890 F.2d 1128 (10th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1814, 108 L.Ed.2d 944 (1990), helpful. In *Oakley* the Tenth Circuit was called upon to interpret identical amendments made by COBRA to the ERISA statutory

counterpart affecting group health plans of certain state and local employees. As in the instant case, prior to termination Oakley was insured under both his employer's group insurance plan and, as a dependent, under his wife's plan. Oakley was undergoing rehabilitation for a brain injury, a condition covered under his former employer's plan but not covered by his wife's. Confronted with this gap in the character of coverage available under the two plans, the *Oakley* court concluded that Congress must have intended continuation coverage to remain available despite the other coverage. 890 F.2d at 1133.

The Tenth Circuit's emphasis on character of coverage proved prescient; ten days after the *Oakley* decision was issued Congress amended ERISA a second time to provide that eligibility for continuation coverage shall cease on:

> The date on which the qualified beneficiary first becomes, after the date of the election—
>
>> (i) covered under any other group health plan (as an employee or otherwise) *which does not contain any exclusion or limitation with respect to any preexisting condition of such beneficiary....*

29 U.S.C. § 1162(2)(D)(i) (emphasis added). This amendment further emphasizes Congress's concern that group health plan participants and their dependents not be placed in a situation in which they suffer a gap in the character of coverage as the result of a "qualifying event" such as termination of employment. H.R.Rep. No. 101–247, 101st Cong., 1st Sess. 1452–53, *reprinted in* 1989 U.S.Code Cong. & Admin.News 1906, 2922–23. In Karin Brock's case, no such "gap" occurred. Before she left Primedica she was covered under both the Medserv Plan and her husband's plan for the type of medical problem for which

she later claimed—and was paid—benefits.[1] Thus, she was not entitled to elect continuation coverage under COBRA and, accordingly, is not entitled to the benefits she seeks. The district court's ruling on this issue was in full accord with both congressional intent and the express mandate of the statute.[2]

■ The Brocks also contest the district court's dismissal of their damages claims for mental anguish, emotional distress, "additional financial hardship," and attorney fees on the basis of ERISA preemption. They contend that Congress did not intend to abrogate these state law claims. The Supreme Court has made it abundantly clear that this is precisely what Congress intended in enacting ERISA's comprehensive regulatory and enforcement scheme. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). The Brocks' state law claims are based upon "common law of general application that is not a law regulating insurance." *Metropolitan Life*, 481 U.S. at 62, 107 S.Ct. at 1546 (citing *Pilot Life*, 481 U.S. at 48–51, 107 S.Ct. at 1553–55). Insofar as they arise out of the alleged improper processing of Karin Brock's claim for insurance benefits, therefore, these claims "relate to" an ERISA plan and fall within the broad scope of ERISA's preemption clause. *Pilot Life*, 481 U.S. at 48, 107 S.Ct. at 1553; 29 U.S.C. § 1144(a).[3]

The district court's grant of summary judgment is

AFFIRMED.

---

1. Although the record is unclear about the exact amount of benefits paid by Keith Brock's policy, there is no question that benefits were in fact paid. The Brock situation is factually markedly different from that faced by Oakley.

2. The dismissal of the Brocks' claim for insurance benefits also was warranted by their failure to exhaust the Medserv Plan's administra-

tive review procedure prior to initiating suit. *See Denton v. First Nat'l Bank*, 765 F.2d 1295 (5th Cir.1985).

3. Because the Brocks' claims are not based upon laws regulating insurance, that the Medserv Plan was self-insured does not alter the preemption analysis.