Harold HUBBARD *v.* The SHORES GROUP, INC., 1st
Service, Inc. and Mid-Arkansas Tom's

92-983                                        855 S.W.2d 924

Supreme Court of Arkansas
Opinion delivered June 21, 1993
[Rehearing denied July 19, 1993.*]

*Brown, J., not participating.

*Arnold, Grobmyer & Haley*, by: *Robert R. Ross*, for appellant.

*Robinson, Staley & Marshall, P.A.*, by: *Robert L. Robinson, Jr.*, for appellees.

ROBERT H. DUDLEY, Justice. The trial court granted a default judgment for appellant Harold Hubbard against appellee Mid-Arkansas Tom's and set damages in the amount of $56,345.40. Later, appellee Mid-Arkansas Tom's moved to have the default judgment set aside. The trial court granted the motion, set aside the default judgment, and also dismissed appellant's complaint with prejudice. Appellant Hubbard appeals. We affirm the order setting aside the default judgment and the dismissal of the complaint, but modify it to a dismissal without prejudice.

Mid-Arkansas Tom's is the distributor for Tom's peanuts and other snack food in central Arkansas. It contracted with multiple employer welfare associations, first with Dual Plus, and then, in July 1990, with The Shores Group, Inc., for group health insurance for its employees. The group program was administered by 1st Services, Inc. Appellant Harold Hubbard worked for Mid-Arkansas Tom's until his retirement on March 16, 1990. For the last few years of his employment, Hubbard and his wife, Opal, were covered by the program, and after Hubbard retired, he continued to pay the premiums as they became due. His wife became ill, and they incurred substantial medical bills. In April 1991, Hubbard sued Mid-Arkansas Tom's, The Shores Group, Inc., and 1st Service, Inc. in the Circuit Court of Desha County. According to his complaint, before his retirement, in early March 1990, he "inquired into the availability of continued health

insurance coverage," and "[i]n response, plaintiff was informed by a representative of Mid-Arkansas Tom's responsible for administering that company's group medical insurance plan that plaintiff [appellant Hubbard] and his wife's insurance coverage would be continued for eighteen months after the date of retirement if plaintiff paid the full amount of all premiums." Hubbard's complaint additionally stated that after he had incurred the medical bills The Shores Group, Inc., the insurer, informed him "that coverage under the above referenced insurance policy would not be accepted since Mid-Arkansas Tom's had less than twenty employees and was, therefore, not eligible to offer continuation benefits to the plaintiff under the Consolidated Omnibus Budget Reconciliation Act of 1985 ('Cobra')." Count I of the complaint asked damages against Mid-Arkansas Tom's for an alleged breach of contract, and Count II asked relief because of Mid-Arkansas Tom's alleged fraud. Counts III through VII asked judgment against The Shores Group, Inc. and 1st Services, Inc., under the terms of the insurance policy, for breach of contract, and for fraud.

Hubbard's attempts to have service of process on The Shores Group, Inc. and 1st Services, Inc. were unsuccessful. On June 3, 1991, service of process was had in Pulaski County on Jerry Wardlaw, president of Mid-Arkansas Tom's, Inc. Service was made by a private process server. Wardlaw testified that earlier he had asked The Shores Group to pay Hubbard's claim since it was valid and asked not to be involved since all he did was forward the premiums to the Shores Group. He further testified that just five days before being served, he learned that his wife of twenty-seven years had breast cancer that would require surgery and extensive post-surgical treatment. On the day he was served, his bank called and told him of an overdraft. He subsequently discovered that an employee had stolen $6,000 in deposits. Wardlaw testified that he was trying to have the employee arrested, and was in the process of leaving his office, when the process server walked in and handed him the summons and complaint. He testified that he saw it was styled "Harold Hubbard vs. The Shores Group, Inc." and that he did not look below that and see the names 1st Service and Mid-Arkansas Tom's. He stated he thought that Hubbard was suing the insurance company, and, under all the circumstances, he forgot

about the summons and complaint.

Due to Mid-Arkansas Tom's failure to answer the complaint, appellant moved for default judgment. On August 30, 1991, the Circuit Court of Desha County entered a default judgment against Mid-Arkansas Tom's in the amount of $56,345.40. On September 23, 1991, Mid-Arkansas Tom's filed a motion to set aside the default judgment. On January 31, 1992, the trial court granted the motion and set aside the default judgment. In addition, the trial court dismissed with prejudice the complaint against Mid-Arkansas Tom's. Hubbard had moved for a nonsuit against 1st Service, and on January 13, 1992, the trial court dismissed that part of the complaint without prejudice. Hubbard had moved for a default judgment against The Shores Group, Inc. on September 6, 1991, but the trial court denied the motion and dismissed this complaint on January 13, 1992. Hubbard appealed the dismissal, but dismissed the appeal. Thus, Hubbard and Mid-Arkansas Tom's are the only parties remaining in the case, and Hubbard appeals from both the order setting aside the default judgment and the dismissal with prejudice of his complaint.

The order dismissing the complaint with prejudice is a final and appealable order. *See* Ark. R. App. P. 2(a)(2). An appeal from any final order also brings up for review any intermediate order involving the merits and necessarily affecting the final order. Ark. R. App. P. 2(b). Thus, we have jurisdiction of both the order dismissing the complaint and the order setting aside the default judgment, and it is not necessary for us to address the question of whether the order setting aside the default judgment after ninety days would, by itself, be a final order. *See Schueck Steel, Inc.* v. *McCarthy Bros.*, 289 Ark. 436, 711 S.W.2d 820 (1986), but *see also* 1990 Amendments to ARCP Rules 55 and 60 and Addition to Reporter's Notes concerning the amendments.

In the motion to set aside the default judgment, Mid-Arkansas Tom's pleaded, among other things, "Moreover, the process server, Don Schaber, a Little Rock private investigator, is not an authorized party under Rule 4(c)(2) of the Arkansas Rules of Civil Procedure. He was not appointed as such by the Circuit Court of Desha County to serve process in the case." Appellant Hubbard responded: "Service of Process was made by

Don Schaber, an authorized process server in Pulaski County. *See* authorization card which is attached, marked Exhibit "A" to this response. Rule 4(c)(2) of the Arkansas Rules of Civil Procedure contemplates that service may be made in a county other than that from which process issues." The authorization card marked as exhibit "A" shows that Schaber was not issued the process server's card until June 17, 1991, or two weeks after he served the process on Jerry Wardlaw, the president of Mid-Arkansas Tom's. This defect renders the attempted service invalid, and, as a consequence, the default judgment is void. *Wilburn* v. *Keenan Cos.*, 298 Ark. 461, 768 S.W.2d 531 (1989). If the judgment is void, it is not necessary for the party seeking to have it set aside to plead a meritorious defense. ARCP Rule 55(c).

Appellee Mid-Arkansas Tom's asks that we affirm the trial court's ruling setting aside the default judgment for this reason. In his reply brief Hubbard argues that Schaber's authority to act in Pulaski County "was not challenged, there was no reason for Hubbard to make proof beyond that which was made," and it would be unfair for this court to affirm on this basis. Clearly, we can, and often do, affirm a trial court for a reason different than the one given by the trial court. *See, e.g., Summers Chevrolet, Inc.* v. *Yell County*, 310 Ark. 1, 832 S.W.2d 486 (1992). We could do so in this case, but we need not decide whether it would be fair or unfair to affirm the order setting aside the default judgment on this basis, because, even if we did not use this basis, we can affirm on the basis of excusable neglect under Rule 55(c)(1) of the Rules of Civil Procedure. It is hard to imagine a more compelling set of facts than those of this case for a finding of excusable neglect. We have no hesitancy in affirming the trial court's ruling on the basis of excusable neglect.

When a default judgment is set aside because of excusable neglect, the party having the judgment set aside must demonstrate a meritorious defense. ARCP Rule 55(c). Mid-Arkansas Tom's has demonstrated such a defense, failure to state facts sufficient to state a cause of action. The rendition of a default judgment on a complaint which fails to state facts sufficient to state a cause of action is reversible error. *Allen* v. *Kizer*, 294 Ark. 1, 740 S.W.2d 137 (1987). Correspondingly, demonstrating that the complaint fails to state facts sufficient to state a cause of

action is the demonstration of a meritorious defense.

The trial court ruled that the complaint failed to state a cause of action. Appellant Hubbard does not contend on appeal that the trial court erred because he had, in fact, stated a cause of action for breach of contract or fraud, but rather relies entirely on having stated a cause of action under COBRA. In the argument part of his brief he writes: "The basis for plaintiff's claim for continuation of benefits under the health insurance plan was dependent upon the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA). That is a statutory right and is the basis for the assurances given to Mr. Hubbard by the employees of Mid-Arkansas Tom's that his benefits would be continued for a period of 18 months. Being a statutory right, there is no writing between the parties which would memorialize that right." In his reply brief he again states that his claim is based on COBRA, and while Mid-Arkansas Tom's addresses the issue of the fraud claim, he does not.

■■ We could affirm the dismissal of the complaint on a number of grounds. First, appellant did not argue to the trial court that he had stated a cause of action under COBRA. Instead, he argued to the trial court that he "states a cause of action for breach of an employment contract." We do not reverse on an issue not presented to the trial court. *Viking Ins. Co.* v. *Jester*, 310 Ark. 317, 836 S.W.2d 371 (1992). Second, before COBRA would be applicable to Mid-Arkansas Tom's, it would be necessary to plead, among other things, that Tom's had twenty or more employees "on a typical business day during the preceding calendar year." 29 U.S.C. § 1161 (b) (1988). This was not pleaded, and, accordingly, a cause of action under COBRA was not stated. We do not imply that is all there is to stating a cause of action under COBRA, which is a part of the federal Employee Retirement Income Security Act of 1974, or ERISA. In sum, the trial court correctly ruled that appellant Hubbard failed to state facts sufficient to state a cause of action.

Moreover, ERISA preempts state laws to the extent that they relate to employee benefits which are not exempt from federal regulation. *See* 29 U.S.C. § 1144 (1988); *Brock* v. *Primedica, Inc.*, 904 F.2d 295 (5th Cir. 1990) (where the court found state law claims for mental anguish, emotional distress,

and additional financial hardship arising out of rejection of a claim for benefits preempted by ERISA); *Dependahl* v. *Falstaff Brewing Corp.*, 633 F.2d 1208 (8th Cir. 1981) (where the court found a state law claim for tortious interference with contract regarding benefit plans preempted by ERISA). Federal courts have exclusive jurisdiction over some kinds of COBRA claims, and there is concurrent jurisdiction over other kinds, *see* 29 U.S.C. § 1132(e) (1988), and we make no determination about concurrent jurisdiction of this case under the act. In sum, the trial court correctly ruled that appellant Hubbard failed to state facts sufficient to state a cause of action.

The trial court dismissed the complaint with prejudice under Rule 12(b)(6) of the Arkansas Rules of Civil Procedure. ARCP Rule 12(j) provides that a trial court is to notify the attorneys of any action taken, and "if appropriate, the court will designate a certain number of days in which a party is to be given to plead further." Appellant Hubbard was not given the chance to plead further. Under such circumstances, we modify the dismissal to one without prejudice and remand. *Ratliff* v. *Moss*, 284 Ark. 16, 678 S.W.2d 369 (1984).

Affirmed as modified and remanded.

Glaze and Corbin, JJ., concur with that part of the opinion holding that the default judgment was void because of invalid service and agree in whole with that part affirming without prejudice.

BROWN, J., not participating.