Mark EPTING *v.* PRECISION PAINT & GLASS, INC.

02-790                                              110 S.W.3d 747

Supreme Court of Arkansas
Opinion delivered May 1, 2003

*Law Offices of James F. Swindoll*, by: *Pamela D. Gilbert*, for appellant.

*James A. McLarty*, for appellee.

JIM HANNAH, Justice. Appellant Mark Epting brings this appeal from Jackson County Circuit Court, alleging that the circuit court erred in setting aside a default judgment against Appellee Precision Paint & Glass, Inc. ("Precision"). Epting argues that the circuit court erred in ruling that service of process was inadequate because Jeff Aitkens, the registered agent for service of process for Precision, did not sign the document for service; that the circuit court abused its discretion by finding that depression constitutes excusable neglect; and that the circuit court abused its discretion by finding that Precision had demonstrated a meritorious defense to the action.

We do not reach the merits of this case because the appeal is not from a final, appealable order as required by Ark. R. App. P.—Civ 2 (2002). Therefore, we dismiss this appeal for lack of finality. The Arkansas Court of Appeals certified Precision's appeal to this court because it presents a significant question as to the interpretation of Ark. R. Civ. P. 55 (2002), and Ark. R. Civ. P. 60 (2002), with respect to the finality of orders setting aside default judgments more than ninety days after their entry. Thus, our jurisdiction is pursuant to Ark. R. Sup. Ct. 1-2(d) (2002).

*Facts*

On November 21, 2000, Epting was driving his vehicle eastbound on Highway 367 North, in Newport, Arkansas. Kenneth Richmond, an employee of Precision, was driving the company truck on Alice Court and attempted to make a left turn on to the highway. Richmond testified that a highway department truck parked at the intersection of Alice Court and Highway 367 North obstructed his view and that in order to make a left turn, he pulled around the highway department truck and into the lane designated for oncoming traffic. Richmond also testified that a motorist attempting to turn onto Alice Court motioned for Richmond to proceed with his left turn onto the highway. Although Richmond admitted that his vision was obstructed, he proceeded to make the turn and struck Epting's vehicle.

On March 22, 2001, Epting filed suit against Richmond, stating that Richmond's negligence proximately caused the colli-

sion.[1] Epting stated that all acts and omissions of Richmond would be imputed to Precision, pursuant to the doctrine of *respondeat superior*. In his complaint, Epting sought damages for medical expenses, property damage, lost wages, and pain and suffering.

In an Affidavit of Proof of Service, Pamala Kae Wood certified that, on June 13, 2001, she hand-delivered a copy of the complaint and summons to Aitkens, the agent for service of process. Since Precision failed to file its answer, Epting filed a Motion for Entry of Default Judgment on July 12, 2001, and sent the motion and brief via certified mail to Aitkens. Aitkens refused the documents, which were returned to Epting's counsel. Counsel then sent the documents to Aitkens via regular mail.

After receiving no reply from Aitkens, Epting filed a Motion to Grant Default Judgment. The trial court entered an order granting default judgment on January 3, 2002. In the order, a hearing on damages was scheduled for March 20, 2002;[2] however, Epting elected to present his testimony via affidavit, which was filed at the trial court on January 25, 2002. A judgment was entered for Epting in the amount of $27,082.45, on January 25, 2002.

On March 13, 2002, Precision filed a motion to set aside the default judgment. Precision stated that, on the date of service, June 13, 2001, Aitkens was in recovery for substance abuse and that his failure to understand and act upon the service amounted to excusable neglect. Precision also stated that the entry of judgment was a surprise to Precision, given that a hearing on damages was scheduled for March 20, 2002.

In addition, Precision stated that the default judgment was based on error or mistake because Epting's affidavit made reference to evidence of damage, i.e., attached medical records, attached medical bills, attached receipt for repair to a vehicle, and claimed rental-car costs, which were not attached to the affidavit. Accordingly, Precision argues that the trial court granted Epting a

---

[1] An order of non-suit for Richmond was entered on February 22, 2002, thereby leaving Precision as the sole defendant.

[2] The order states that the hearing on damages was set for March 20, 2001. Obviously, this was in error, as that date had already passed. The hearing on damages was actually set for March 20, 2002.

judgment for an amount in excess of the total damages claimed, "without having any foundation evidence filed of record in support of said claim." Finally, Precision stated that it had a meritorious defense to Epting's claim as to both liability and damages.

On April 17, 2002, the trial court held a hearing on the motion to set aside the default judgment, where it heard testimony from Aitkens, as well as from friends, relatives, and co-workers of Aitken's. On May 30, 2002, the trial court entered an order setting aside the default judgment. The order stated, in part:

3. That Jeff Aitkens did not sign any document noting said service and has no memory of said service.

4. That the date of service was in a period following in house treatment for drug abuse by Jeff Aitkens and was within a period during which Jeff Aitkens was otherwise not attending to his business nor the affairs of his private life.

5. That the defendant has shown that a meritorious defense exists to this claim both as to liability and damages.

### Jurisdiction

This court's jurisdiction is not invoked until a final order has been entered in the circuit court, with the exception of those immediately appealable orders listed in Ark. R. App. P.— Civ. 2 (2002). *Dodge v. Lee*, 350 Ark. 480, 88 S.W.3d 843 (2002). Although neither party raises the issue, the question of whether an order is final and subject to appeal is a jurisdictional question which the court will raise *sua sponte*. *Reed v. Ark. State Highway Comm'n*, 341 Ark. 470, 17 S.W.3d 488 (2000). In the present case, we must determine whether an order setting aside default judgment, entered more than ninety days after the default judgment was entered, is a final, appealable order.

We have previously stated that "[a]n appeal will not lie from an order setting aside a default judgment rendered during the same term of court in which it is set aside." *Hicks v. Light*, 229 Ark. 306, 307, 314 S.W.2d 479 (1958); *see also McPherson v. Consol. Cas. Co.*, 105 Ark. 324, 151 S.W. 283 (1912). However, an exception to the general rule that orders setting aside default judgments were not

final for purpose of appeal when the default judgment was set aside in the same term in which it was entered was applicable where the default judgment was set aside at a term subsequent to the term in which it was entered. *See Ayers v. Anderson-Tully Co.*, 89 Ark. 160, 116 S.W. 199 (1909). The *Ayers* court stated:

> A court, after the lapse of a term, loses control over its final judgments, and, in the absence of a statute conferring such power, cannot at a subsequent term alter or vacate them. . . .
>
> The proceeding . . . to have a judgment set aside which was rendered at a former term is equivalent to an independent action instituted for that purpose, and the order of the court either vacating the judgment or refusing to do so is final in the sense that it determines the rights of the parties under the judgment; even though, after vacating the judgment, it leaves the original action still pending for further proceedings.

*Ayers*, 89 Ark. at 163 (citations omitted).

■ Although the terms of the court were ultimately replaced by the ninety-day limitation set out in Rule 60 of the Arkansas Rules of Civil Procedure, this rule continued to be applied, so that, while orders setting aside default judgments were generally not final for the purpose of appeal, the orders could be appealed if they were entered more than ninety days after the default judgment was originally entered. In *Sheuck Steel, Inc. v. McCarthy Brothers Co.*, 289 Ark. 436, 717 S.W.2d 816 (1986) (supplemental opinion granting rehearing), the court granted a petition for rehearing and reinstated an appeal of an order setting aside a default judgment because the order was entered more than ninety days after the default judgment was entered. The court wrote:

> In the original opinion, we dismissed this appeal on the basis that the order setting aside a default judgment was not a final order. In the petition for rehearing, the petitioner argues that we erroneously applied the 'final order' rule because the default judgment in the case was set aside over ninety days after the judgment was entered. The petitioner's argument is valid. In *Maxwell v. Maxwell*, 240 Ark. 29, 397 S.W.2d 788 (1966) we said: 'The order setting aside default judgment at a term subsequent to the one in which the judgment was rendered is a final order and appealable.' A.R.C.P. Rule 60(b) has substituted a fixed period

of ninety days for the term of court. Since this order setting aside the judgment was entered more than ninety days after the judgment was entered, it is a final and appealable order. Therefore, we grant the petition for rehearing and reinstate the appeal.

*Scheuck Steel*, 289 Ark. at 436-B.

██ ██ When *Scheuck Steel, supra,* was decided in 1986, Rule 60 was still applicable to default judgments. However, Rule 60 was amended in 1990 to eliminate any overlap with Rule 55, and, further, Rule 60(c) now specifically provides grounds for setting aside judgments, *other than default judgments*, after ninety days.

Rule 55(c) of the Arkansas Rules of Civil Procedure provides:

> (c) *Setting Aside Default Judgments.* The court may, upon motion, set aside a default judgment previously entered for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) the judgment is void; (3) fraud, misrepresentation, or other misconduct of an adverse party; or (4) any other reason justifying relief from the operation of the judgment. The party seeking to have the judgment set aside must demonstrate a meritorious defense to the action; however, if the judgment is void, no other defense to the action need be shown.

Rule (c) of the Arkansas Rules of Civil Procedure provides, in part:

> (c) *Grounds for Setting Aside Judgment, Other Than Default Judgment, After Ninety Days.* The court in which a judgment, other than a default judgment [which may be set aside in accordance with Rule 55(c)] has been rendered or ordered shall have the power, after the expiration of ninety (90) days of the filing of said judgment with the clerk of the court, to vacate or modify such judgment or order . . . .

██ We note that Rule 55(c) does not provide a time limit as to when a motion to set aside a default judgment must be brought under Rule 55(c). On the other hand, Rule 60(c) provides that a court "shall have the power, after the expiration of ninety (90) days. . . to vacate or modify such judgment or order." The inapplicability of Rule 60 to default judgments calls into question the continued validity of the rule that orders setting aside

default judgments, although generally unappealable, are final if entered over ninety days after the entry of the original judgment. The question was noted by the court in *Hubbard v. Shores Group, Inc.*, 313 Ark. 498, 855 S.W.2d 924 (1993). However, *Hubbard, supra*, was an appeal of both an order dismissing a complaint with prejudice and an order setting aside a default judgment; the court determined that it need not reach the finality issue concerning the order setting aside a default judgment which was entered after ninety days. The court stated:

> The order dismissing the complaint with prejudice is a final and appealable order. *See* Ark. R. App. P. 2(a)(2). An appeal from any final order also brings up for review any intermediate order involving the merits and necessarily affecting the final order. Ark. R. App. P. 2(b). Thus, we have jurisdiction of both the order dismissing the complaint and the order setting aside the default judgment, and it is not necessary for us to address the question of whether the order setting aside the default judgment after ninety days would, by itself, be a final order. *See Schueck Steel, Inc. v. McCarthy Bros.*, 289 Ark. 436, 711 S.W.2d 820 (1986), but *see also* 1990 Amendments to ARCP Rules 55 and 60 and Addition to Reporter's Notes concerning the amendments.

*Hubbard*, 313 Ark. at 501.[3]

Now, it is necessary for us to address the question of whether an order setting aside a default judgment after ninety days is a final order. The Addition to Reporter's Note of the 1990 Amendment to Rule 55 states, in part, that "[t]he standard in amended Rule 55(c) for setting aside a default is taken from Federal Rule of Civil Procedure 60(b), which is made applicable in the default judgment context by Federal Rule 55(c), and should be interpreted in accordance with federal case law."

---

[3] We note that in *Granquist v. Randolph*, 326 Ark. 809, 934 S.W.2d 224 (1996), a case that was decided subsequent to the 1990 Amendments of Rule 55 and Rule 60, the court entertained an appeal of an order setting aside a default judgment. *Granquist* is distinguishable from the present case because in that case, the trial court set aside a default judgment because it determined that it lacked subject-matter jurisdiction. Once the trial court determined that it lacked subject-matter jurisdiction, the matter was concluded at the trial level, and the only avenue for relief was appeal. In the present case, the circuit court has subject-matter jurisdiction of the case, and the parties may proceed to trial.

██ ██ Our review of the federal case law indicates that the federal courts have held that an order to set aside a default is not a final appealable order. In *Joseph v. Office of Consulate General of Nigeria*, 830 F.2d 1018, 1028 (9th Cir. 1987), the United States Court of Appeals of the Ninth Circuit stated: "A district court's *grant* of a motion to set aside a default judgment is not an appealable final order, where the setting-aside paves the way for a trial on the merits." *See also Dimmitt & Owens Fin., Inc. v. United States*, 787 F.2d 1186, 1192 (7th Cir. 1986); *Parks v. Collins*, 761 F.2d 1101, 1104 (5th Cir. 1985); *Murphy v. Helena Rubinstein Co.*, 355 F.2d 553, 553 (3d Cir. 1965). We agree, and we note that our holding is consistent with the well-settled precedent that default judgments are not favorites of the law and should be avoided when possible. *See NCS Healthcare of Ark., Inc. v. W.P. Malone, Inc.*, 350 Ark. 520, 525, 88 S.W.3d 852 (2002); *Sutter v. Payne*, 337 Ark. 330, 337, 989 S.W.2d 887 (1999); *Southeast Foods, Inc. v. Keener*, 335 Ark. 209, 213, 979 S.W.2d 885 (1998).

In the present case, the circuit court's order setting aside the default judgment did indeed pave the way for a trial on the merits. The order setting aside the default judgment declared the default judgment void and stated that Precision was "allowed a period of twenty (20) days hereafter to file an answer to the allegations of [Epting]."

██ Further, the court has stated that for an order to be final, it must dismiss the parties from the trial court, discharge them from the action, or conclude their rights to the subject matter in controversy. *Reed, supra.* The claim is still pending in the circuit court. The circuit court instructed Precision to answer. The order setting aside the default judgment did not conclude the parties' rights to the subject matter in controversy; rather it paves the way for a trial on the merits.

██ Pursuant to the 1990 Amendment, Rule 60 is no longer applicable to default judgments and, therefore, the time limitations imposed by Rule 60 are no longer applicable to default judgments. Since the time limitations are no longer applicable to default judgments, the rationale no longer exists for the rule that

an order setting aside a default judgment after ninety days is a final appealable order.

 Accordingly, we hold that this order setting aside a default judgment, entered more than ninety days after the default judgment was entered, is not a final appealable order.

Appeal dismissed.