Timothy Lee LITTLETON  *v.*
Winnie E. ALBERT-LITTLETON

CA 04-581

202 S.W.3d 563

Court of Appeals of Arkansas
Opinion delivered February 9, 2005

*J.F. Valley*, for appellant

*David Solomon*, for appellee.

TERRY CRABTREE, Judge. Appellant brings this appeal from an order setting aside a divorce decree obtained by default. He contends that the trial court erred in finding that there had been no strict compliance with the requirements for service by warning order. We dismiss because the order from which the appeal has been taken is not appealable.

The parties in this case were married in January 1999 and separated in November 2000. They had one child, who lived with appellee upon their separation. Appellant filed a complaint for divorce on July 15, 2003, on grounds of eighteen months' separation. Service of the complaint on appellee was attempted by warning order. Appellant was granted a divorce and awarded custody of the child by default in a decree entered on September 16, 2003.

On December 2, 2003, appellee filed a motion to set aside the decree alleging that appellant had failed to strictly comply with the requirements of Ark. R. Civ. P. 4(f) in attempting to perfect service by warning order. After a hearing, the trial court entered an order setting aside the decree on January 28, 2004. This appeal followed.

Appellant frames his argument on appeal as "Whether the defendant carried her burden of proof at the trial to set aside the divorce decree in the instant cause?" In response, appellee asserts that the order from which this appeal has been taken is not a final order. Our decision in this matter is controlled by the supreme court's opinion in *Epting v. Precision Paint & Glass, Inc.*, 353 Ark. 84, 110 S.W.3d 747 (2003), which demands that we dismiss the appeal.

In *Epting*, the supreme court reexamined the law pertaining to the appealability of orders setting aside default judgments in light of the 1990 amendments to Rules 55 and 60 of the Arkansas Rules of Civil Procedure. *Id.* Prior to the amendments, only those orders setting aside a default judgment that were filed ninety days after the entry of the default judgment were subject to an immediate appeal. *Id.* In *Epting*, however, the court ruled that the ninety-day distinction no longer applied because the provision in the amended version of Rule 60(c) for setting aside orders after ninety days expressly excluded default judgments. Referencing federal law on the subject, the supreme court held that orders setting aside default judgments are not final for purposes of appeal "where the setting-aside paves the way for a trial on the merits." *Epting* at 93, 110 S.W.3d at 751 (quoting *Joseph v. Office of Consulate General of Nigeria*, 830 F.2d 1018, 1028 (9th Cir. 1987)). The court concluded that the order setting aside the default judgment did pave the way for trial because the order stated that the appellee was "allowed a period of twenty (20) days hereafter to file an answer to the allegations" of the complaint. Since the complaint was still pending, the order setting aside the default judgment was not appealable because it did not meet the test of discharging the parties from the action or concluding their rights to the subject matter in controversy.

In the case before us, the order setting aside the default judgment was filed more than ninety days after entry of the default decree. In accordance with *Epting*, the order cannot be immediately appealed if the order paved the way for a trial on the merits. The order entered by the trial court incorporated a letter opinion

which stated "[i]f Mr. Solomon [appellee's attorney] agrees to accept service on behalf of the Defendant, the issue of custody may be addressed on March 12 or 26 or upon agreement of the parties." Our review of the record discloses that appellee has filed an answer to appellant's complaint, as well as a cross-complaint for divorce, and that a scheduling order was entered setting a hearing on March 12, 2004. Since the parties' claims are still pending in the trial court, we hold that the order appealed from is not final, and we dismiss the appeal.

Dismissed.

GRIFFEN and VAUGHT, JJ., agree.