

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV–14–42

|  |  |
|---|---|
| | **Opinion Delivered** April 23, 2014 |
| MONSANTO COMPANY<br>APPELLANT | APPEAL FROM THE WOODRUFF COUNTY CIRCUIT COURT [NO. CV-2012-18] |
| V. | |
| NICHOLAS EMMETT WILSON and GREEN ACRES FARMS, LLC<br>APPELLEES | HONORABLE RICHARD L. PROCTOR, JUDGE |
| | APPEAL DISMISSED |

## BILL H. WALMSLEY, Judge

Appellant Monsanto Company appeals from the trial court's order setting aside its default judgment against appellees and dismissing its complaint for failure to perfect service. We must dismiss the appeal because there is no final order.

Monsanto filed suit against Nicholas Wilson on March 8, 2012, making several claims arising out of a soybean-seed-grower contract. On May 17, 2012, Monsanto filed an affidavit in support of warning order, claiming that it had been unable to personally serve Wilson because it could not determine his whereabouts. A warning order was issued by the clerk. On June 25, 2012, Monsanto filed an affidavit of service by warning order and a motion for default judgment, alleging that Wilson was served by publication, that no answer had been filed, and that Monsanto was owed $35,491.13. The trial court entered the default judgment on July 11, 2012, awarding Monsanto the principal sum, prejudgment interest, costs, an



attorney's fee, and postjudgment interest.

On May 9, 2013, Wilson filed a motion to set aside the default judgment for insufficient service of process. He alleged that service by warning order was not justified because Monsanto had not made a diligent attempt to perfect personal service. After a hearing on the motion, the trial court found that Monsanto had not strictly complied with the requirements for service. The trial court entered its order on October 7, 2013, finding that the default judgment should be set aside. The court further found that service of process had not been perfected within 120 days and dismissed the case. Monsanto filed a timely notice of appeal.

The question of whether an order is final and subject to appeal is a jurisdictional question that this court will raise on its own. *Carroll v. Baker*, 2011 Ark. 98. Orders setting aside default judgments are not final for purposes of appeal where the setting-aside paves the way for a trial on the merits. *Littleton v. Albert-Littleton*, 89 Ark. App. 325, 202 S.W.3d 563 (2005). Furthermore, an order of dismissal without prejudice pursuant to Arkansas Rule of Civil Procedure 4(i) for failure to make service on the defendant within 120 days is also not final. The supreme court in *Carroll* held as follows:

> Rule 4(i) is mandatory; where service is not made on a defendant within 120 days of the filing of the complaint, a circuit court must dismiss the action without prejudice to refiling those claims. *See Jordan*, 366 Ark. 326, 235 S.W.3d 487. Because a plaintiff who has his case dismissed without prejudice under Rule 4(i) may refile those claims, his position after the dismissal is no different than that of a plaintiff who voluntarily nonsuits his claims. It therefore logically follows from our rationale in *Jordan* that a first dismissal under Rule 4(i) does not function as an adjudication on the merits, and the order dismissing a plaintiff's claims without prejudice under 4(i) would not be a final appealable order based on a logical extension of our reasoning in *Beverly Enterprises-Arkansas, Inc.*

2

*Id*. at 4.  The supreme court dismissed the appeal upon concluding that it was not taken from a final, appealable order.

Here, the order being appealed sets aside Monsanto's default judgment then dismisses Monsanto's complaint for failure to perfect service within 120 days.  As stated above, a first dismissal for failure to serve under Rule 4(i) is not a final, appealable order.   Thus, we dismiss the appeal.

Appeal dismissed.

WOOD and BROWN, JJ., agree.

*The Key Firm, PLLC*, by: *Shawn Key*, for appellant.

No response.